MARIE L. ORENS, petitioner,

*v.*

ISAAC W. ORENS.

[Decided December 20th, 1917.]

1. In causes for divorce for desertion there are two periods of two years each during which the desertion must have been willful, continued and obstinate; the first, that immediately succeeding the desertion, at the expiration of which the cause of action arises and accrues, and which vests jurisdiction in the court to entertain the suit; and the

second, that immediately prior to the filing of the petition, which vests jurisdiction in the court to decree a divorce, These periods may run concurrently and overlap each other in whole or in part; but, if they do not, legal proof must nevertheless be made of the desertion for the whole period between its commencement and the filing of the petition, including the interval between the two periods mentioned, because, if there were a reconciliation and resumption of cohabitation by the parties during such interval, it would operate to destroy the cause of action alleged to have accrued, and necessitate another and different suit, one counting upon a cause of action accruing after the reunion had been terminated by another and subsequent desertion.

2. To corroborate means to strengthen; to make more certain; to add weight or credibility.

3. The corroboration of a petitioner's testimony, required by law, in order that a divorce may be decreed, need not be testimony given by another or other witnesses to all of the same identical facts to the minutest particulars, but only their giving such facts in evidence as already testified to by petitioner, or such circumstances tending to establish them, as renders petitioner's testimony so much more probable as to be legally acceptable, and which serves to empower the judge to accept the truth of the petitioner's whole story.

4. Corroborative testimony of other witnesses is not always required in divorce proceedings, but circumstances shown by expressions and conduct of a defendant, together with letters of the parties, are, in some cases, sufficient.

This matter was referred to Samuel D. Oliphant, advisory master, who filed the following conclusions:

On final hearing on petition for divorce and proofs *ex parte.*

*Mr. Harry H. Whaland,* for petitioner.

The petition alleges desertion in the month of June, 1905. Suit was commenced December 9th, 1916. In the proofs returned with the special master's report in favor of a decree of divorce, there was no corroboration of petitioner's testimony to the first four years of the alleged desertion. Upon receiving my memorandum to that effect solicitor obtained an order of re-reference for further proofs of the continuation of the desertion. The proofs returned with the second report of the special master added corroboration only as to the first "two or three" years. The special master in his second report stated that he

had "reported favorably under the prior testimony because it seems to be the practice of the court that desertion need to be shown to have existed only during a period of two years prior to the filing of the petition." He then continues: "The testimony as now submitted, still leaves a period of a little over two years uncorroborated. The master is of the opinion, however, that the desertion being corroborated for the first eighteen months and from the year 1909 to the present date, that the law properly presumes an uninterrupted continuance of the desertion." I know of no authority for such a presumption and since the continuity of the desertion for a stated period is plainly a principal part of the proof required by the statute (*Divorce act, 1907; P. L. p. 474, § 2*), I am unable to accept the existence of such a rule of evidence. The case then distinctly raises the question of whether it is the established law of this state that the desertion must be proved to have been "continued" from the date of separation of the parties to the commencement of the suit, although that period may be much longer than two years. It is not questioned in practice that the two years' continuation expressly required by the statute necessitates the proof of continuation for that time immediately preceding the commencement of suit. The reasoning adopted by this court in the several cases upon the point, is, in the language of the court of errors and appeals in *Myles* v. *Myles,* 77 *N. J. Eq. 265:* "That the period of desertion must be that immediately preceding the petition is plain from the fact that if the petition left a *hiatus* between such period and the date of the filing of the petition, such *hiatus* might represent a complete reconciliation and reunition of the parties that would entirely destroy any right to a divorce arising out of a previous desertion."

The difficulty with which the court is confronted in a very large proportion of the uncontested suits for divorce is an existing view of the requirements pertaining to the first part of the period of desertion. But it is apparent that the same reasoning is of like force when applied to the first part of the period. If there is no proof of the continuation during all the earlier part there might have been a like *hiatus* in which marital relations could have been resumed, thus terminating the desertion and

the right to a divorce. This I take to be the law resulting from *Myles* v. *Myles, supra; Getz* v. *Getz, 81 N. J. Eq. 465; Lake* v. *Lake, 89 Atl. Rep. 534.*

In causes for divorce for desertion there are two periods of two years each during which the desertion must have been willful, continued and obstinate; the first, that immediately succeeding the desertion, at the expiration of which the cause of action arises and accrues, and which vests jurisdiction in the court to entertain the suit; and the second, that immediately prior to the filing of the petition, which vests jurisdiction in the court to decree a divorce. These periods may overlap each other in whole or in part; but, if they do not, legal proof must be made of the desertion for the whole period between its commencement and the filing of the petition, including the interval between the two periods mentioned, because, if there were a reconciliation and resumption of cohabitation by the parties, during such interval, it would operate to destroy the cause of action alleged to have accrued, and necessitate another and different suit, one counting upon a cause of action accruing after the reunion had been terminated by another and subsequent desertion. To illustrate: if A deserted B on January 1st, 1910, a cause of action for divorce for desertion would arise and accrue to B on January 1st, 1912, and a petition for divorce for that cause could be filed on January 2d, 1912. In such case the two two-year periods of accrual and ground for divorce would run concurrently and overlap each other. But if A deserted B on January 1st, 1910, and B did not file a petition for divorce therefor until January 2d, 1917, although the cause of action accrued on January 1st, 1912, the two years' desertion for which a divorce could be granted would run from January 1st, 1915, to January 1st, 1917, leaving an interval between January 1st, 1912, and January 1st, 1915, or three years, during which the desertion must also have been willful, continued and obstinate, for, if the parties were reunited on, say, January 1st, 1914, the cause of action which accrued on January 1st, 1912, would thereby be destroyed, and if they cohabited together one year, that is, until January 1st, 1915, when A again deserted B, a new and different cause of action for desertion would arise and

accrue on January 1st, 1917, two years after the second desertion commenced, for which a petition could not be filed until January 2d, 1917. It was this state of the law, doubtless, that led Mr. Biddle to cast the allegation of a desertion in the form of petition in the second edition of his work on New Jersey divorce practice, thus:

"Defendant deserted petitioner in the month of nineteen hundred and (*state the date of the commencement of the last period of uninterrupted desertion*); EVER SINCE WHICH TIME, and for more more than two years last past, said defendant has willfully, continuedly and obstinately deserted your petitioner. See *Bid. N. J. Div. Prac.* (*2d ed.*) *186.*

The necessity for corroboration in this and every other divorce case makes it pertinent to make some observation on what constitutes corroboration. While it is quite impossible to lay down any hard and fast rule, some general statement on this important subject may be helpful.

To corroborate means to strengthen; to make more certain; to add weight or credibility. *10 Cyc. 1367*, citing, among other cases, *State* v. *Guild, 10 N. J. Law 163, 187.*

In *State* v. *Guild, supra* (at *p. 187*), the supreme court was dealing with circumstances corroborating a confession, and observed that "the phrase (corroborative circumstances) clearly does not mean facts which, independent of the confession, will warrant a conviction, for then the verdict would stand not on the confession, but upon those independent circumstances. * * * The testimony of a witness is said to be corroborated, when it is shown to correspond with the representation of some other witness, or to comport with some facts otherwise known or established. Corroborative circumstances then, used in reference to a confession, are such as serve to strengthen it, to render it more probable, such in short as may serve to impress a jury with a belief of its truth."

These observations while applied to corroboration of a confession in the particular case (*State* v. *Guild*), are equally applicable to what is necessary in the way of corroborating the testimony of any witness, whose story is required to be corrob-

orated in order to be given weight or value as evidence. The corroboration of a petitioner's testimony, required by law, in order that *a divorce* may be decreed, need not be testimony given by another or other witnesses to all of the same identical facts to the minutest particulars, but only their giving such facts in evidence as already testified to by petitioner, or such circumstances tending to establish them, as renders petitioner's testimony so much more probable as to be legally acceptable, and which serves to empower the judge to accept the truth of the petitioner's whole story. The court of errors and appeals held in *Foote* v. *Foote, 71 N. J. Eq. 273, 280,* that corroborative testimony of other witnesses is not required, but that circumstances, shown by expressions and conduct of a defendant, together with letters of the parties, are sufficient. On the subject of corroboration in divorce cases see also Chancellor Pitney's opinion in *Williams* v. *Williams, 78 N. J. Eq. 13,* and cases therein cited.

I am unable to adopt the opinion of the special master above quoted, and as the petitioner's testimony concerning about two years of the alleged period of desertion, remains uncorroborated, I am unable to advise a decree *nisi*. But, as the error is not that of the party, leave will be given for the taking of additional testimony before the master, but no further report will be required. The testimony, if and when taken, should be returned directly to the court.

WALKER, CHANCELLOR.

An order will be made in conformity with the advice contained in the conclusions of Advisory Master Oliphant, which are hereby adopted as the opinion of the court.