## WILLIAM H. OWINGS *vs.* MAMIE E. OWINGS.

*Divorce—Abandonment—Refusal of Intercourse—Justification.*

Where the husband's conduct towards his wife is "kind, affectionate, and above reproach," and she unjustifiably refuses, for more than five years, to permit him to have sexual intercourse with her, her conduct constitutes an abandonment of the husband, entitling him to an absolute divorce.          p. 125

A husband who by persistent harshness and neglect creates such an estrangement from his wife as to cause a discontinuance of conjugal relations, cannot assert such discontinuance as a ground of divorce.                                      p. 126

The husband cannot complain of a suspension of sexual intercourse if this is occasioned by his own disposition to terminate the union.                                        p. 127

The burden is on the husband to prove his charge that the wife refused to fulfil her marital obligation as to sexual intercourse, and the fact that they occupied separate bedrooms does not substantiate the charge.                            p. 127

The statement of the husband that the wife refused to permit him to have sexual intercourse with her must be corroborated, in order to justify a decree in his favor.              p. 127

*Decided April 9th, 1925.*

Appeal from the Circuit Court for Carroll County, In Equity (Moss and FORSYTHE, JJ.).

Bill for divorce by Willam H. Owings against Mamie E. Owings. From a decree dismissing the bill, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and WALSH, JJ.

*W. Irvine Cross* and *James E. Boylan, Jr.,* with whom was *James A. C. Bond* on the brief, for the appellant.

*Edward O. Weant* and *Theodore F. Brown,* for the appellee.

URNER, J., delivered the opinion of the Court.

The decree in this case dismissed a bill of complaint in which the appellant alleged that his wife had abandoned and deserted him by refusing, without just cause, to have sexual intercourse with him during a period of more than five years prior to the suit, and that for six months preceding the filing of the bill they had been wholly separated. The parties have been married about twenty years. They have two children, a son and daughter, who are now fourteen and twelve years of age, respectively. The relations of the parties have been exceedingly unfortunate. While their complete separation did not occur until the time mentioned in the bill, their normal associations as man and wife had long been discontinued. It is undisputed that sexual intercourse between them had not occurred for a period of more than three years before the pending divorce suit was instituted.

If, as the bill of complaint alleges, the husband's conduct towards his wife was "kind, affectionate and above reproach," and she unjustifiably refused, for the period mentioned, to permit him to have sexual intercourse with her, then unquestionably her conduct would have to be regarded as an abandonment of her husband, and, in view of its duration, he would be entitled to an absolute divorce. *Klein v. Klein,* 146 Md. 27; *Roth v. Roth,* 145 Md. 83; *Ruckle v. Ruckle,* 141 Md. 213; *Martin v Martin,* 141 Md. 185; *Fleegle v. Fleegle,* 136 Md. 631. But if, as the answer avers, the suspension of their conjugal relations was caused by the husband's cruel treatment of his wife, then his suit for a divorce is clearly not maintainable. *Young v. Young,* 136 Md. 84; *Pattison v. Pattison,* 132 Md. 362; *Polley v. Polley,* 128 Md. 60. The question we are to determine upon

the evidence in the record is whether the lower court was wrong in deciding that the husband's conduct was responsible for the separation, and that his bill of complaint should consequently be dismissed.

The testimony proves beyond controversy that since 1920 the feeling of the appellant and appellee towards each other has been one of increasing aversion. Their early affection gave place to a mutual and positive dislike which naturally tended to promote an interruption of their conjugal intercourse. The wife's antipathy towards her husband was manifested by expressions of scorn and hatred. There is also testimony, which is contradicted, that she attempted against him certain acts of violence. The husband's conduct towards his wife is proved to have been neglectful and abusive. When she had to undergo a serious operation in 1920 he did not visit or communicate with her at the hospital where she was a patient, and he appeared to be indifferent as to her condition. During three winters he made no use of the furnace in their home, and the only heat provided was from the kitchen stove. It was testified that he failed to provide his wife with clothing, refused to give her spending money, cursed her frequently, kicked her once on the arm, and repeatedly asked her to leave him, and live with her relatives.

A husband who, by persistent harshness and neglect, creates an estrangement from his wife which prevents the normal intimacy of the marital relation has no right to utilize the deplorable situation thus produced as a ground for the dissolution of the marriage. In this case the decisive inquiries are whether the husband's mistreatment of the wife was the cause of the separation to which the bill refers, and whether the discontinuance of their conjugal relations was in accordance with his own purpose. It is not sufficient to prove that the wife's feeling towards the husband was incompatible with the full exercise of his connubial privileges, if it appears that he had pursued a course of conduct which inevitably tended to destroy her affection and pro-

mote her animosity, and he certainly cannot complain of a
suspension of intercourse if that result was occasioned by
his own disposition to terminate the union.    The burden
was on the appellant to prove his charge that the appellee
*refused* to fulfill her marital obligation.    Upon that issue
we have the appellant's assertion and the appellee's denial.
The admitted fact that they were occupying separate bed-
rooms does not substantiate the charge that intercourse was
refused.    *Roth v. Roth, Ruckle v. Ruckle, supra.*    The state-
ment of the appellant to that effect required corroboration.
Code, art. 35, sec. 4; *Dicus v. Dicus,* 131 Md. 87.    It does
not, in our opinion, find the necessary support in the proof.
There is no evidence of any effort by the appellant to concili-
ate his wife, or to remove the reasonable grounds of her dis-
satisfaction and resentment.    The proven facts are fully
consistent with the theory that the separation was not con-
trary to his will and request, but was a condition which he
desired.

Our examination of the evidence has brought us to the
same conclusion as the one to which the court below gave
effect in dismissing the bill of complaint.

*Decree affirmed, with costs.*