## DANZIGER *v.* DANZIGER

[No. 52, October Term, 1955.]
(Two Appeals In One Record)

*Decided December 6, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ

*Morris H. Baker,* with whom was *Leonard Bass* on the brief, for appellant.

*Herbert M. Brune, Jr.,* and *Walter V. Harrison,* for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal and a cross-appeal from a decree for the payment of permanent alimony and counsel fees.

Wilhelm F. Danziger, hereinafter referred to as the appellant, and Teresa Danziger, cross-appellant and appellee, hereinafter referred to as the appellee, were married in Germany on August 27, 1925. She came to the United States in 1939. Her husband was unable to

obtain a visa at that time and came here in June, 1945. In the pre-Hitler era their home was in Berlin, Germany, where the wife was a prima donna at the Berlin State Opera and the husband was a judge. The husband, after being arrested by the Nazis, was released through relatives of his wife after a period of about two weeks. They then went to Holland to her relatives. At the beginning of the war in 1940 the husband moved from Holland to England and was interned as an enemy alien in Canada. Through his wife's efforts he was released and came to the United States in 1945. After arriving in this country in 1939 Mrs. Danziger pursued a successful career as a singer. During most of that period her home was a furnished room in an apartment in New York. She took her husband to that home when he arrived in this country in 1945. She is now 58 years of age and her husband is sixty-five. Her services as a singer are less in demand. She was critically injured in an automobile accident in 1946 which required large medical expenses. In 1948 she received a substantial settlement for her accidental injuries. He last operatic employment was as an understudy in 1954. She is still teaching at a "Settlement School" in New York. Her employment there does not compensate for her expenses.

The husband, a former judge, is also a trained accountant. His wife procured a position for him in Boston which lasted four years, until 1952. When he was not able to live in New York, they visited frequently, living together in her room. When he was out of employment he also lived there. After the termination of his Boston position in 1952 he stayed with his wife in New York for the last time. He later obtained a position at $55.00 per week in Baltimore, where he is now living. She said he declined to permit her to come to Baltimore and live with him. He said he would visit her in New York. She suspected that her husband had established a relationship with another woman. He admitted that he lived with this woman as man and wife on several trips from Baltimore in 1954.

On December 28, 1954, at which time it was admitted that the husband was paying his wife $17.90 per week, the appellee filed an amended bill of complaint against the appellant. She alleged that he had deserted her for at least eighteen months prior thereto and also that he had been guilty of adultery on numerous occasions with a woman whose identity was known and would be disclosed. She further alleged that he received a salary of $55.00 per week and also a pension as a former judge in Germany of $176.45 monthly; that she was unemployed and without any income except that received from investments made possible by the settlement for injuries received in the automobile accident; and that, at a former hearing in the cause, she had been awarded alimony *pendente lite* in the amount of $25.00 per week. She asked for the award of permanent alimony and counsel fees.

After a hearing in open court, the chancellor found from the testimony, in awarding alimony and counsel fees, that the wife was entitled to a divorce had she asked for it; that she had proved her case entitling her to support; that the husband was gainfully employed with "a falling enterprise"; and that she had some income and some capital. He passed a decree on April 18, 1955, awarding the wife permanent alimony of $20.00 per week, subject to the further order of the court, and awarded counsel fees of $150.00. From that decree the husband appeals, claiming that the wife's income is sufficient for her needs and that her bill of complaint should be dismissed. The wife cross-appeals, asking that the alimony be increased to $30.00 per week and also that the counsel fees be increased.

The wife admits that she has capital assets of approximately $45,161.00 from the settlement for her accident. She claims the husband's capital assets to be $6,624.00, plus his pension at $2,712.00 per year, which she capitalizes at $75,000.00. She admits her annual income from investments to be $2,386.00. She deducts from that a capital loss of $471.00, which plainly is not deducti-

ble from income. She claims that, on account of her physical condition, she is prevented from seeking the employment for which she is best suited, which is singing and teaching singing. She claims that her husband's annual income is $2,910.00, which includes his pension. She also claims that he has a salary of $30.00 per week, $1,560.00 annually.

The husband admits that he has capital assets of $6,125.05 and claims his wife's capital assets amount to $47,361.00. He claims his wife's income is $2,421.88. He admits that his 1955 income will be approximately $2,250.00. As to his salary, the husband stated that at the time of the filing of his answer in this case on January 6, 1955, he had not been paid his take home pay of $51.00 per week for a period of five weeks. Sometime between the date of the answer and the hearing his salary had been reduced to $30.00 per week, and even then he had not been paid his salary for six weeks together with all other employees of the company, with the exception of a very few needy situations.

Code, 1951, Article 16, Section 17, provides as follows: "In all cases where alimony or alimony *pendente lite* and counsel fees are claimed, the court shall not award such alimony or counsel fees unless it shall appear from the evidence that the wife's income is insufficient to care for her needs."

In this case, although the husband has apparently been found guilty of adultery, the awarding of alimony is never a punitive measure. In determining the award and whether the income of the wife is insufficient to care for her needs, this Court has frequently stated that the court should consider the husband's wealth and earning capacity, the station in life of the parties, their age, physical condition, the ability to work, the length of time they have been living together, the circumstances leading up to the divorce, and the fault which destroyed the home. *Waters v. Waters*, 191 Md. 436, 440, 62 A. 2d 250, and cases there cited. To be taken into consideration also are the assets and income of the wife. *Hood v.*

*Hood,* 138 Md. 355, 113 A. 895, 15 A. L. R. 774. The courts must use their discretion to the necessary end of awarding justice based upon law and reason. *Saltzgaver v. Saltzgaver,* 182 Md. 624, 635, 35 A. 2d 810. The wife in this case receives an income from investments of approximately $2,500.00 per year and her capital assets are approximately $45,000.00. The husband's capital assets are approximately $6,100.00 and his income from pensions and dividends is approximately $2,800.00 per year. It is apparent that his employment is very precarious and that he is not receiving the salary claimed by his wife. Before the institution of this suit he was paying her $17.90 per week and, therefore, it appears that he is able to pay her the $20.00 a week ordered by the chancellor. As the chancellor reserved jurisdiction in the case, if for any reason the husband is able to obtain employment at an adequate salary or, as suggested in the argument in this Court, Social Security payments, consideration can then be given to an increase of alimony for the wife. Alimony decrees are open to revision from time to time as the circumstances, needs, and financial conditions of the parties change. *Lopez v. Lopez,* 206 Md. 509, 520, 112 A. 2d 466, and cases there cited.

A husband is required to pay reasonable counsel fees for services rendered his wife, both before the chancellor and in the Court of Appeals, when it appears that the wife's income is insufficient to care for her needs. *Dougherty v. Dougherty,* 187 Md. 21, 33-34, 48 A. 2d 451, and cases there cited. The amount of the counsel fees cannot be disassociated from the financial resources of the husband. *Waters v. Waters, supra.* The amount of the award of counsel fees is within the discretion of the chancellor and, although his discretion is subject to review by this Court, the award should not be disturbed unless he exercised his discretion arbitrarily or his judgment was clearly wrong. *Bennett v. Bennett,* 197 Md. 408, 416, 79 A. 2d 513; *Lopez v. Lopez, supra,* 521. We are of opinion that the award by the chancellor was not

clearly wrong. No petition was filed below for counsel fees in this Court and, therefore, that question is not before us here. The decree will be affirmed.

*Decree affirmed, costs to be paid by Wilhelm F. Danziger.*