## MAYS v. MAYS

[No. 291, September Term, 1962.]

*Decided June 26, 1963.*

The cause was submitted on the brief to Brune, C. J., and Henderson, Hammond, Horney and Sybert, JJ.

Submitted by *Martin & Taylor, Paul Martin* and *A. Frederick Taylor* for appellant.

No brief and no appearance for appellee.

PER CURIAM.

The Circuit Court for Carroll County awarded the wife in this suit for divorce and alimony a decree of divorce *a vinculo* and alimony of $10.00 per week. The husband appeals only from the award of alimony.

His contention in brief is that the wife has net earnings of $34.25 a week, that he has trouble with his back and is unable to work much or to earn much, that he has substantial debts and few assets, and that the award is excessive.

In October, 1961, the husband went on a seventeen-day hunting trip in the mountains of West Virginia. He was accompanied on this trip by a woman with whom he admitted he was living at the time of the trial of this case, and the decree of divorce was based upon his having committed adultery with her. This was a factor which the trial court took into account in awarding alimony. The circumstances leading to the divorce and the fault which destroyed the home are among the factors which may be considered in determining the amount of alimony. *Newmeyer v. Newmeyer,* 216 Md. 431, 140 A. 2d 892.

The amount of alimony is within the sound discretion of the trial court. *Gosnell v. Gosnell,* 208 Md. 179, 117 A. 2d 861; *Gregg v. Gregg,* 220 Md. 578, 583, 155 A. 2d 500. The husband's financial ability and the wife's needs are the controlling factors with regard to the amount thereof, but there is no standard formula, and the amount is to be governed by all the circumstances of the case. *Gosnell v. Gosnell, supra; Lopez v. Lopez,* 206 Md. 509, 112 A. 2d 466; and see the cases collected in 8 M.L.E., *Divorce,* § 124. In the *Newmeyer* case, as in a number of other cases, including *Donigan v. Donigan,* 208 Md. 511, at 519, 119 A. 2d 430, the factors to be considered are thus summarized: "the husband's wealth and earning capacity, the station in life of the parties, their physical condition and ability to work, the length of time they have lived together, the circumstances leading up to the divorce and the fault that destroyed the home". (216 Md. at 434.)

The Chancellor's opinion shows that he gave consideration to all relevant factors. With regard to the husband's physical condition, he commented: "If a man is able to go hunting for

game for seventeen days in the mountains of West Virginia, it does not appear that his back gives him very much trouble." An award of alimony made by the trial court may be disapproved or modified by this Court if it is of the opinion that the award was clearly wrong (*Donigan v. Donigan, supra,* 208 Md. at 521); but here we see no basis for entertaining such an opinion and we find no abuse of discretion by the Chancellor.

*Decree affirmed; the appellant to pay the costs.*