## TAYLOR *v.* TAYLOR

[No. 218, September Term, 1964.]

*Decided April 7, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, SYBERT, OPPENHEIMER and BARNES, JJ.

*Alexander C. Jones,* with whom were *Edgar A. Jones* and *Jones & Jones* on the brief, for appellant.

Submitted on brief by *Vaughn E. Richardson, Patrick L. Rogan, Jr.* and *Richardson & Rogan* for appellee.

SYBERT, J., delivered the opinion of the Court.

On November 8, 1963, Jack Lynn Taylor sued his wife, Janis Horner Taylor, in the Circuit Court for Somerset County for a divorce *a vinculo matrimonii* on the ground of constructive desertion, based upon her refusal to have sexual relations with him after February, 1962. The wife, who did not file a cross bill, raised the defense of recrimination, claiming that her husband had committed adultery and that he had deserted her. The Chancellor dismissed the bill of complaint after a hearing on the merits, holding that the complainant had not met his burden of proof, and he appealed.

The husband testified that nearly three years prior to trial his wife had moved into a separate bedroom in their home in Princess Anne, Maryland, because she could not sleep in a room with an open window. He said he had to sleep with an open

window because of a sinus condition. He further testified that from February, 1962, sometime after his wife moved into the separate bedroom, to the time of trial his wife had refused to have marital relations with him and that she indicated to him that she suspected he was having sexual relations with another woman, though she would not discuss this with him. According to the husband he tried several times to effect a reconciliation, but failed each time. After one such failure the husband, on the advice of counsel, moved from the home in September, 1963, and has remained away ever since. He denied any infidelity.

The wife testified that she originally moved into a separate bedroom because she felt it detrimental to her health to sleep with a window open. She further stated that sometime later, "between two and three years" prior to trial, she refused to have conjugal relations with her husband and has so refused since then because on one occasion, as she put it, "his underwear showed evidence that he had been near a woman." She said that when she mentioned her suspicions to her husband he denied any infidelity and she dropped the subject. That part of her defense of recrimination which was based on the husband's alleged adultery was supported only by the wife's testimony as to the discovery of the "evidence" on his underwear and by her and her son's testimony that they had observed her husband in an automobile with an unidentified woman late one night.

The only witness who testified, other than the parties, was the seventeen-year-old stepson of the appellant (the wife's son by a former marriage). Called by the husband, he merely testified that for two or three years the appellant and the appellee had occupied separate bedrooms in the house where he also lived. Called later by the wife, the youth described the circumstances under which he and his mother had seen the appellant in an automobile with a woman.

Manifestly, the husband has not established his ground of constructive desertion based on the refusal of his wife to have marital relations with him for the statutory period of time because his testimony was not sufficiently corroborated. Maryland Rule S 75 (which first became effective as Rule 1190 f on January 1, 1959) provides:

"A final decree of divorce shall not be passed upon the testimony of the plaintiff alone, nor shall the admissions of a defendant in an action for divorce be taken of themselves as conclusive proof of the facts charged as the ground of the action, but in all cases testimony of a person not a party in corroboration of the plaintiff shall be required."

The testimony in the case before us does not satisfy the rule. Under the rule the admissions of the wife cannot furnish the necessary corroboration of the husband's testimony in the absence of testimony by a person not a party corroborating the husband. Here, the testimony of the son, the only non-party witness, that the spouses were occupying separate bedrooms, was not sufficient to corroborate the testimony that the wife had refused to have connubial relations during the statutory period. *Hodges v. Hodges,* 213 Md. 322, 326, 131 A. 2d 703 (1957); *Owings v. Owings,* 148 Md. 124, 128 Atl. 748 (1925). Every element necessary to justify the relief sought must be corroborated. *Hodges v. Hodges, supra; Kelsey v. Kelsey,* 186 Md. 324, 328, 46 A. 2d 627 (1946). Although this Court has stated in the past that the necessary corroboration in a divorce case might be furnished by admissions of the other spouse, see, for example, *Zulauf v. Zulauf,* 218 Md. 99, 145 A. 2d 414 (1958) and cases cited, these cases were decided before the promulgation of Rule 1190 f, now Rule S 75. As we pointed out in *Comulada v. Comulada,* 234 Md. 287, 199 A. 2d 197 (1964), Rule S 75 provides for a stricter requirement in regard to corroboration than did Code (1957), Art. 16, sec. 32 (now repealed) and than does Code (1957), Art. 35, sec. 4 (these two statutes being the ancestors of the first two clauses of Rule S 75), since the rule adds the explicit requirement of corroboration by a non-party. Therefore, it is clear that under the rule the admissions of the defendant spouse alone will not furnish the necessary corroboration of the complainant's testimony.

However, even if Rule S 75 were not applicable, we would still be required to conclude that the husband did not meet his burden of proof because of the express holding of *Hodges v. Hodges, supra,* which was decided prior to the adoption of the

rule. In that case, which also involved a claim of constructive desertion on the ground that the wife had refused to have marital relations with the husband-cross-plaintiff, the wife and husband testified that they had not had sexual relations for the statutory period and that the wife had been sleeping apart from her husband for the same period of time. A son testified that the wife had been sleeping in a separate room but did not know whether marital relations had been refused. A brother of the husband testified that the wife came to see him soon after moving out of the connubial bedroom in regard to retaining an attorney to seek divorce or separation from the husband. In reversing the lower court's decree granting the husband a divorce we held that the husband's testimony was not sufficiently corroborated. We noted that even though in a contested case only slight corroboration is necessary, the corroboration must extend to every element necessary to support the ground for divorce and that the fact that the spouses occupied different sleeping rooms did not corroborate the testimony that there had been a refusal to have conjugal relations. Although in *Hodges* the wife did not testify that she "refused" to have sexual relations with the husband, we do not believe this fact significantly distinguishes that case from the one at bar and therefore hold it to be controlling.

Since there was insufficient corroboration of the complainant's testimony as to abandonment by the wife, we do not reach the question of whether or not the wife's defense of recrimination was meritorious.

*Order affirmed; appellant to pay the costs.*