## LEONHARD v. LEONHARD

[No. 259, September Term, 1964.]

490 

*Decided April 30, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, SYBERT and BARNES, JJ.

*Ewing C. Whitaker* for appellant.

*William F. Hickey* for appellee.

HORNEY, J., delivered the opinion of the Court.

The underlying question on appeal in this suit for separate maintenance where the wife was the only witness is whether corroboration of her testimony was required.

The bill alleged that the husband deserted the wife without justification and that the efforts she made to effectuate a reconciliation were rejected by him. At the trial of the case before the chancellor, the wife, after relating the details of the desertion and her efforts to bring about a reconciliation, testified as to her standard of living before and after the marriage, as to the income and property interests of the parties, and as to the support payments she received from the husband after the separation. Although the wife indicated that she intended to call another witness not then present, she neither sought a short postponement nor called other witnesses. The husband did not testify or offer any evidence because he thought his wife had not proven that he had deserted her.

The chancellor, being of the opinion that corroboration was not required since this was a suit for separate maintenance rather than an action for divorce and that the decision of the husband not to controvert or otherwise contradict the testimony of his wife indicated agreement with what she had said, held that the husband deserted the wife without lawful cause and awarded her alimony and counsel fees. Under the somewhat unusual circumstances of this case the order of the chancellor will be reversed without prejudice.

Although the provisions of Code (1957), Art. 35, § 4, requiring corroboration in suits for divorce, are not in express terms made applicable to suits for separate maintenance, the cases make it clear that where separate maintenance or permanent alimony is sought the *allegata et probata* must nevertheless be such as to entitle the wife to a divorce had such relief been sued for. *Schriver v. Schriver,* 185 Md. 227, 241, 44 A. 2d 479 (1945) ; *Gold v. Gold,* 191 Md. 533, 62 A. 2d 540 (1948) ; *Roeder v. Roeder,* 170 Md. 579, 185 Atl. 458 (1936) ; *Silverberg v. Silverberg,* 148 Md. 682, 130 Atl. 325 (1925). And the holding in *Wiegand v. Wiegand,* 155 Md. 643, 142 Atl. 188 (1928), on which the wife relies to support her contention that corroboration was not required in this case, was not to the contrary. While it was said in *Wiegand* that the statutory requirement of corroboration was not applicable to a separate maintenance proceeding, the Court, by saying that the ground for relief in that case was the same as that for an *a mensa* divorce, had the effect of holding, as has consistently been done, that such ground requires corroboration. Since, however, the holding in *Wiegand* might be understood as not requiring corroboration in suits for separate maintenance, that case is hereby overruled to the extent it seems to be inconsistent with the other holdings of this Court. Furthermore, because Maryland Rule S75 requires the "testimony of a person not a party in corroboration of the plaintiff" in an action for divorce, we think the same requirement as to corroboration is necessary when alimony alone is applied for as where a divorce is sought. But the rule of law permitting slight corroboration in genuinely contested cases where the possibility of collusion is slight has not been modified.

It should also be pointed out that the decision of the husband not to testify or call other witnesses to controvert the testimony of the wife did not, as the chancellor believed, satisfy the requirement of corroboration. While we have heretofore recognized in a divorce case that standing mute could in some situations constitute an adoption of the statement of another person, *Zink v. Zink,* 215 Md. 197, 137 A. 2d 139 (1957), the mandatory conditions set forth in Rule S75 are unequivocal that the adoptive admission of a responding spouse cannot of itself supply the necessary corroboration of the testimony of the complaining spouse. *Taylor v. Taylor,* 238 Md. 312, 208 A. 2d 685 (1965). See also *Comulada v. Comulada,* 234 Md. 287, 199 A. 2d 197 (1964), where it was said that the failure of the wife to deny the testimony of her husband, even though it may have amounted to an adoptive admission, was not enough to sufficiently corroborate the desertion charged as the ground for divorce.

*Order reversed, without prejudice;*
*the appellant to pay the costs.*