HOFFMAN *v.* HOFFMAN

[No. 42, September Term, 1965.]

*Decided January 5, 1966.*

The cause was argued before HAMMOND, HORNEY, OPPEN-HEIMER, BARNES and McWILLIAMS, JJ.

*(Miss) Vivian V. Simpson,* with whom were *Joseph B. Simpson, Jr., H. Algire McFaul, Alfred H. Carter* and *Simpson & Simpson* on the brief, for appellant.

Submitted on the brief by *Edward L. Foster* for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

In this divorce case, the question is whether the Chancellor erred in denying the appellant the alimony for which she asked. Jean M. Hoffman (the wife) filed her bill of complaint in the Circuit Court for Prince George's County on October 22, 1964, praying for alimony and for support of the twelve-year old daughter; she did not ask for a divorce. The appellee, George E. Hoffman (the husband) filed a cross-bill, praying for a divorce *a mensa et thoro* based upon constructive desertion. After a hearing on January 18, 1965, the Chancellor denied alimony and maintenance for the wife; denied the husband the divorce for which he asked; awarded custody of the parties' daughter to the wife; and ordered the husband to pay to the wife $150

a month for the daughter's support and maintenance. The husband has not appealed.

In his oral opinion, the Chancellor stated that the wife's allegations and proof as to her claim the husband had deserted her left the court "in a state of even balance" and therefore denied her the relief she requested. His finding was based, not on the credibility of the witnesses, but on the legal sufficiency of the evidence, and, in essence, was a conclusion of law.

The couple lived in an apartment in Hyattsville. In the last part of April or the first part of May, 1964, while the wife was absent, the husband left the home, taking part of his clothes, and moved to the home of his parents. The husband had left the home on at least three previous occasions; his last absence was for about a month, in January, 1963. Asked in pre-trial interrogation for the reasons leading to his departure in May, 1964, he answered: "I don't recall, except that it was the usual daily bickering between us, the lack of affection on her part." At the trial, the husband testified that the marriage had been "stormy"; he and his wife argued about everything; she was suspicious and complaining and a fanatical house-cleaner. He said his wife became "highly inflamed if you walked across her waxed floor or in the kitchen with shoes on." She did not want him to take a shower, because the shower caused the tiles to sweat. He admitted that, in the previous separations it was the wife who asked for a reconciliation. The wife testified, without contradiction, that she still wanted her husband to come back and live with her.

It is uncontradicted that, on three occasions in the fall of 1964, after the filing of the wife's bill of complaint, the parties had sexual intercourse. The last occasion was in August, some months before the trial. The husband testified that, on each of these occasions, it was the wife who initiated the cohabitation. After the separation, he sent the wife some support money and relinquished the use of their automobile to her.

The wife's father testified that, after the separation, at his daughter's request, he called the husband on the telephone in the fall of 1964, and asked him about the separation and whether there was any chance of reconciliation. The husband replied "absolutely not." The husband's sister testified on his behalf;

she admitted that in July, 1964, while she was in the hospital, the wife visited her and asked her to help in any way she could, to influence her husband "in any way, direct him back to his home."

When separate maintenance or permanent alimony is sought, the evidence must be such as would entitle the wife to a divorce had she asked for that relief. *Leonhard v. Leonhard,* 238 Md. 489, 491, 209 A. 2d 602 (1965) and cases therein cited. Had the wife prayed for a divorce *a mensa et thoro,* she would have had to prove the end of cohabitation and intention to desert. Code (1957) Art. 16, Section 25, *Canoles v. Canoles,* 236 Md. 40, 41, 202 A. 2d 343 (1964) ; *Thurlow v. Thurlow,* 212 Md. 222, 228, 129 A. 2d 170 (1957). These two elements need not necessarily be identical in their commencement. *Thurlow v. Thurlow, supra.*

Under Maryland Rule S75, a final decree of divorce shall not be passed upon the testimony of the plaintiff alone, nor shall the admissions of a defendant in an action for divorce be taken of themselves as conclusive proof of the facts charged, but in all cases testimony of a person not a party in corroboration of the plaintiff shall be required. Under the rule, the admissions of the defendant spouse cannot furnish the necessary corroboration of the testimony of the complaining spouse in the absence of corroborative testimony by a person not a party to the proceeding. *Kerber v. Kerber,* 240 Md. 312, 214 A. 2d 164 (1965) ; *Taylor v. Taylor,* 238 Md. 312, 208 A. 2d 685 (1965). "But in contested cases, where there is no possibility of collusion, it has been consistently held that only slight evidence is required to corroborate the testimony of the complaining spouse." *Comulada v. Comulada,* 234 Md. 287, 293, 199 A. 2d 197 (1964) and cases therein cited.

In this case, at the time the wife filed her bill and again at the time of trial, it is undisputed in the testimony of the parties that the husband had left the marital abode and did not intend to return. The husband contends that the wife's conduct amounted to constructive desertion, and that therefore he was justified in leaving, but the evidence does not support his contention. Nagging and jealousy, of which the husband complains, do not justify one spouse in leaving the other. *Moran v. Moran,*

219 Md. 399, 403, 149 A. 2d 399 (1959) and cases therein cited. Excessive house-cleaning may not be a lubricant for a happy marriage, but it is not constructive desertion.

There was corroboration of the intention of the husband not to return in the admission of the husband to which the wife's father testified. The husband's sister, whom he called to the stand, corroborated the wife's testimony that the wife was anxious for a resumption of the marital relation. This testimony of persons not parties to the proceedings is sufficient to corroborate the testimony of the parties that the husband was living apart from his wife, without intention to return, and that the parties were not living as husband and wife.

Were it not for the uncontroverted testimony that the husband and wife had sexual intercourse in the fall of 1964, we would hold, on our review of the record, that, at the time of the trial, the wife proved that the husband had deserted her, and therefore, that she was entitled to alimony. However, under our decisions, the admitted marital relations constituted condonation and amounted to a termination of the then existing desertion. *Sullivan v. Sullivan,* 234 Md. 67, 74-75, 197 A. 2d 910 (1964). The wife did not file a new or supplemental bill during the period from the filing of her original bill to the trial.

The same situation was presented in *Sullivan.* There, Judge Prescott, for the Court, said, at 75-76:

"This brings us to a situation where, at the trial below, a wife had filed a bill for divorce on the ground of desertion occurring in August of 1961 and she had condoned any such desertion prior to November, 1962, but, possibly, there was a desertion of her by the husband after that date but before the case was heard on May 1, 1963. Clearly, the Chancellor could not have granted her a divorce for the cause alleged in her original bill, nor was he, under the pleadings, entitled to consider any new ground for a divorce occurring after the filing of her bill. *Kirkwood v. Kirkwood,* 165 Md. 547, 170 A. 180; *Besche v. Besche,* 209 Md. 442, 121 A. 2d 708; *Smith v. Smith,* 216 Md. 141, 140 A. 2d 58; *Jones v. Jones,* 117 P. 414 (Ore.) ; *Collins v. Collins, supra; Orens v. Orens,* 102 A. 436 (N. J.) ;

*Lee v. Lee,* 51 Ill. App. 565. Formerly in Maryland, where a new cause of action for divorce by a plaintiff arose after the institution of divorce proceedings, it was necessary to institute a new suit based upon the new ground, even though such ground arose before the trial of the first suit. *Smith v. Smith, supra.* However, since that case was decided, this Court has adopted Maryland Rule S72 c., which provides: 'A supplemental bill alleging grounds for divorce subsequent to the filing of the original bill shall be permitted.' Compare Maryland Rule 379. We think that the wife should be afforded an opportunity, if she so desires, to file a supplemental bill and establish, if she can, a desertion of her by the husband after November, 1962."

In accordance with that ruling, even though the wife, here, could have been entitled to alimony had she filed a supplemental bill, she did not do so. As in *Sullivan,* we shall afford her that opportunity.

> *That part of the decree denying the wife alimony is neither affirmed nor reversed. Case remanded as to the wife's claim for alimony for further proceedings not inconsistent with this opinion. Costs to be paid by the husband.*