## NOLTE *v.* NOLTE

[No. 233, September Term, 1966.]

*Decided April 10, 1967.*

*Motion for opinion and decision to be amended filed May 2, 1967, granted May 5, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*Alexander W. Spedden, Jr.,* for appellant.

*John J. Brennan,* with whom was *Alfred L. Brennan* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

In this divorce action we are called upon to decide whether the testimony of the husband, as to there having been a mutual and voluntary agreement between him and his wife to live separate and apart, was sufficiently corroborated by the colloquy in a collateral proceeding between the judge and the husband and wife to satisfy the requirements of Maryland Rule S75.

When the wife (Winifred Jessie Nolte) filed a bill of complaint in the Circuit Court for Baltimore County, alleging desertion and adultery and praying for an absolute divorce as well as custody of the children, alimony and counsel fees, the husband (Francis Edward Nolte, Jr.) denied the allegations in the original bill and filed a cross-bill for an absolute divorce alleging desertion and their voluntary separation without cohabitation for more than eighteen months. In her answer to the cross-bill, the wife denied the charge of desertion and the alleged voluntary nature of the separation.

At the divorce hearing before the chancellor (Turnbull, J.), the wife testified as to her charges against the husband, as did several other witnesses in corroboration thereof, but the chancellor found that those charges were not supported by the evidence and dismissed the original bill, from which, apparently, no appeal was taken.

Prior to the filing of this divorce action, the parties had been involved in another proceeding in the Circuit Court for Harford County (Day, J.), in which the husband sought to recover possession of his clothing that the wife had taken and refused to return to him. The transcript of that collateral proceeding was not made a part of the record in this case, but counsel for the husband, in an effort to establish that the parties had agreed to live separate and apart from each other, cross-examined the wife with respect thereto. The result was as follows:

"Q. Do you recall a hearing that was had before Judge Day on May 1st, 1964? A. Yes, sir.

"Q. And that was a hearing that was instigated by [your husband] because you had taken his clothing and hidden it from him, isn't that right? A. What he had at the house, yes.

"Q. And at that hearing—I am reading from * * *

the transcript of the record, and I want you to tell me whether or not this is what Judge Day said—'All right. Let the rights of Nolte, Francis Nolte, the fact that said Francis Nolte is leaving the home which up to this point and time has been occupied by Francis Nolte and his wife shall not prejudice in any way the rights of Francis Nolte or his wife as far as their rights under the present proceedings or any of the proceedings which may be instituted hereafter affecting their marital status.' Didn't Judge Day say that? A. I wouldn't know. I don't know anything about that.

\* \* \*

"Q. Judge Day did order you to return his clothing to him? A. Yes.

"Q. Judge Day did say it was all right for him to move from the house, did he not? A. Yes, sir.

"Q. That was agreeable to you, was it not? A. Oh, yes.

"Q. You were satisfied with that? \* \* \* It was agreeable to you for him to leave the house? A. Yes.

"Q. And he did in fact leave the house that same day, did he not? A. Yes.

"Q. And you returned his clothing to him? A. Yes, sir.

\* \* \*

"Q. And he hasn't been back since, has he? A. No, sir.

"Q. There's been no cohabitation between you since then? A. I haven't seen him except \* \* \* in town."

Prior to this, on direct examination by her counsel on the original bill, the wife, in reply to a question as to whether it was true that she and her husband had voluntarily agreed to separate, stated that it was not.

On the cross-bill, only the husband testified and no witnesses were offered to corroborate him. Nor was there any evidence showing that the separation was beyond a reasonable expectation of reconciliation. His testimony was to the effect that it was agreed between Judge Day and his wife and himself that

he was to leave the marital home; that his leaving was agreeable and acceptable to his wife; that he actually left the house; and that he never thereafter lived or cohabited with her.

The chancellor—having found as a fact that the parties had mutually agreed during the course of the collateral proceeding to continue the separation which then existed; that, even though the parties had made no affirmative statements, they had in fact, by their conduct before, then and since the hearing held by Judge Day, agreed to live separate and apart; and that no effort had been made to effect a reconciliation—signed a decree granting the husband an absolute divorce from the wife. The decree, because the corroboration requirements set forth in Rule S75 were not complied with, must be reversed.

While corroboration cannot be dispensed with, *Lee v. Lee,* 220 Md. 325, 152 A. 2d 561 (1959) and *Smith v. Smith,* 225 Md. 282, 170 A. 2d 195 (1961), it has consistently been held in cases where there was no possibility of collusion, that only slight evidence is required to corroborate the testimony of the complaining witness. *Kelsey v. Kelsey,* 186 Md. 324, 46 A. 2d 627 (1946); *Hodges v. Hodges,* 213 Md. 322, 131 A. 2d 703 (1957), decided before the effective date of the rule; *Comulada v. Comulada,* 234 Md. 287, 199 A. 2d 197 (1964); *Kerber v. Kerber,* 240 Md. 312, 214 A. 2d 164 (1965), decided after January 1, 1963. But, as was pointed out in *Taylor v. Taylor,* 238 Md. 312, 208 A. 2d 685 (1965), the rule provides for stricter requirements in regard to corroboration than did § 32 of Article 16 of the Code of 1957, now repealed, and than does § 4 of Article 35 of the Code of 1957. The rule states:

"A final decree of divorce [i] shall not be passed upon the testimony of the plaintiff alone, [ii] nor shall the admissions of a defendant in an action for divorce be taken of themselves as conclusive proof of the facts charged as the ground of the action, but [iii] in all cases testimony of a person not a party in corroboration of the plaintiff shall be required."

(i)

Since Rule S75 unequivocally provides that a final decree of divorce should not be granted on the testimony of the plaintiff

alone, the only question for us to decide in this case is whether the colloquy between the judge and the husband and wife in the collateral proceeding was sufficient to satisfy the corroborative requirements of the rule. Clearly it was not. Even if the testimony of the husband is accepted as showing that he and his wife agreed to something more than a mere physical separation, it is apparent, since no witnesses were called to corroborate him, that his testimony was uncorroborated unless what was said at the collateral hearing had the effect of doing so. All that the record shows is that the husband had permission from the judge to leave the marital home, that this was agreeable to the wife, that he did leave and that they had not lived together nor cohabited during the prescribed statutory period. And it may be that a reconciliation was not to be expected. But there is nothing in the record, or in the colloquy, to show, as § 24 of Article 16 also requires, that the parties had *voluntarily* agreed to separate. Moreover, the wife categorically denied that she and her husband had so agreed. We think the evidence denoted acquiescence, not agreement. *Lee v. Lee, supra,* at p. 330 of 220 Md.

### (ii) and (iii)

Even if the wife, during the course of the cross-examination as to the colloquy, had admitted that she and her husband had voluntarily agreed to live separate and apart, the admission would not have supplied the corroboration required by the rule. *Blankenship v. Blankenship,* 239 Md. 498, 212 A. 2d 294 (1965). This is so because the admission of the defending spouse cannot provide the necessary corroboration of the testimony of the complaining spouse in the absence of corroborative testimony by a person not a party to the proceeding. *Hoffman v. Hoffman,* 241 Md. 118, 215 A. 2d 808 (1966).

> *Decree reversed; appellee to pay the costs and attorney's fee of $300.00 to attorney for appellant and cross defendant below as provided by decree of lower court dated March 8th, 1966.*