### WILLOUGHBY *v.* WILLOUGHBY

[No. 191, September Term, 1969.]

*Decided February 4, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SMITH and DIGGES, JJ.

*Stanley R. Jacobs* for appellant.

*J. Ambrose Kiley* for appellee.

DIGGES, J., delivered the opinion of the Court.

An increase of alimony to a wife by $2.00 a week appears to have generated this appeal by the husband. The Circuit Court for Montgomery County granted the appellee wife, Nan T. Willoughby, a divorce on the ground of adultery. By its decree the wife was awarded custody of a minor child and the husband was ordered to pay alimony of $52.00 a week. The husband, Robert Lee Willoughby, does not contest those portions of the decree granting a divorce and awarding custody, but appeals solely on the ground that the alimony award was excessive. The parties were married in 1928 and have children, two of whom are now emancipated and a third who will be very shortly. The relationship between the parties

was apparently stormy for many years. The wife left their jointly owned marital abode in September of 1966, and has never returned. Alleging constructive desertion, she filed her initial bill of complaint seeking a divorce a mensa et thoro in October of 1966. After the complaint was filed the husband moved from the marital home into the apartment of a female friend. After discovery of this occurrence the wife filed a supplemental bill by which she sought an absolute divorce on the ground of adultery. At the hearing the husband testified he lived in the friend's apartment from January 1968 until the time of the trial. Even though the husband and his roommate denied any wrongdoing the chancellor found adultery as a fact, relying on the decisions of this Court in *Breault v. Breault,* 250 Md. 173, 242 A. 2d 116 (1968) and *Blankenship v. Blankenship,* 239 Md. 498, 212 A. 2d 294 (1965). Appellant concedes that under these decisions the chancellor's determination that the husband was guilty of adultery can not successfully be challenged on appeal and he does not desire to question the award of custody of the minor child.

The authority for allowing alimony is statutory, Maryland Code (1957, 1966 Repl. Vol.) Art. 16, §§ 2-5, but the standard whereby it is awarded is judicial. As we heretofore stated in *Lopez v. Lopez,* 206 Md. 509, 520, 112 A. 2d 466 (1955):

> "The ability of the husband to provide support and the wife's need for it are controlling factors. The amount to be allowed is governed by all the circumstances of the case and is in the sound discretion of the chancellor. The Court of Appeals has the right to review the amount of alimony allowed, but the award should not be disturbed unless the chancellor's discretion was arbitrarily used or his judgment was clearly wrong."

*Mays v. Mays,* 232 Md. 122, 192 A. 2d 80 (1963); *Gosnell v. Gosnell,* 208 Md. 179, 117 A. 2d 861 (1955). Of

course the discretion vested in trial judges in this regard is not unlimited and we have not hesitated to modify an award where we felt it was "clearly wrong." *Donigan v. Donigan,* 208 Md. 511, 119 A. 2d 430 (1956).

This Court in many decisions has indicated factors the trial court should consider in arriving at an alimony award. Our statement enumerating some of these factors in *Timanus v. Timanus,* 178 Md. 640, 642, 16 A. 2d 918 (1940) has been frequently repeated in subsequent cases.

> "It is a general rule that a court, before determining the award of alimony, should consider the maintenance of the wife in accordance with the husband's duty to support her suitably, together with the husband's wealth and earning capacity. In addition to the financial circumstances of the parties, the court should also usually consider their station in life, their age and physical condition, ability to work, the length of time they lived together, the circumstances leading up to the separation, the fault which destroyed the home, and their respective responsibilities for the care and support of the children."

We have also said that alimony is based upon need and is never a punitive measure. *Danziger v. Danziger,* 208 Md. 469, 118 A. 2d 653 (1955). It is obvious that the reason the trial judge is entrusted with wide discretion in awarding alimony is that each factual situation before him is unique, and accordingly a mechanical or rigid formula is inappropriate.

The husband recognizes this discretion in the trial court but contends that Judge Shure erroneously considered the adultery on the part of the husband as "the fault which destroyed the home" when, as a fact the home had been destroyed with the separation of the parties some time before. Appellant concludes that this undue emphasis by the trial judge, based on an erroneous fact, resulted in a provision for larger alimony payments than he otherwise would have directed. Appellant wishes to

isolate one point in time and determine the "fault which destroyed the home" as of that time. We think the concept is broader than this, and permits the trial judge properly to consider all of the circumstances resulting in the destruction of the marriage, including the conduct and acts of the parties both prior and subsequent to actual physical separation.

Judge Shure in considering this case had the following facts before him: (1) the parties had lived together at least thirty-eight years; (2) the husband was a sixty-four year old D. C. Transit worker about to retire on a yearly pension of $6,000, an amount comparable to his take home pay while employed; (3) the wife, although elderly and not in the best of health, had part-time employment paying her $126.00 per month; (4) a minor daughter lived with the mother but was self-sufficient and planned to leave shortly; and (5) there was an unencumbered marital domicil, not occupied by either party, but the husband was receiving rent of $40.00 a month for it, making his yearly income approximately $6,480. In addition the chancellor had before him an itemized list of the wife's monthly expenses which he pared down to $354.26. Deduction of her income resulted in a monthly deficit of $228.26.

The chancellor ordered payment of $52.00 per week, approximately $225.33 per month. Appellant apparently does not question these figures as representing the wife's reasonable needs but contends he is financially unable to pay the amount. Perhaps the most persuasive testimony in this case of his ability to meet this provision of the decree results from the fact that the husband, from October of 1966 until the trial of the case in April 1969, was in fact paying $50.00 per week. It is true he was doing so under the provisions of a pendente lite order, but he met this obligation with consistency and allowed nearly two and a half years to elapse without seeking any modification of the order or taking steps to have the matter finally adjudicated. The situation here is similar to that existing in *Danziger v. Danziger*, 208 Md. 469, 475,

118 A. 2d 653 (1955) where we stated that payment of $17.90 per week for a long period was substantial evidence upon which to base an order compelling a payment of approximately the same amount.

The appellant cites *Gebhard v. Gebhard,* 253 Md. 125, 252 A. 2d 171 (1969) where we overturned the alimony award of the lower court, as authority for our granting his request here. However, the end result of that case was that this Court awarded the wife 34.8% of the husband's income, and in the instant case the wife was awarded 34.7%. We again assert that there are no exact precedents, particularly on a percentage basis, in a field which by its nature requires a determination of each case on its particular facts. We do mention, however, that a review of the facts and circumstances of this case in comparison with other cases reviewed by this Court convinces us that there exists no abuse of discretion here.

As always, if there are substantial changes in needs, financial conditions, and circumstances of the parties the court retains continuing jurisdiction to amend its decree accordingly. *Lopez v. Lopez,* 206 Md. 509, 112 A. 2d 466 (1955).

> *Decree affirmed. Costs to be paid by appellant.*