NINA LEE MOORE *v.* JAMES MAURICE MOORE

[No. 938, September Term, 1976.]

*Decided July 8, 1977.*

The cause was argued before MENCHINE, DAVIDSON and
LOWE, JJ.

*Daniel W. Moylan,* with whom were *William P. Nairn* and *Byron, Moylan & Urner* on the brief, for appellant.

*James F. Strine* for appellee.

DAVIDSON, J., delivered the opinion of the Court.

On 1 February 1974, in the Circuit Court for Washington County, Judge Paul Ottinger entered a decree and opinion which, among other things: 1) awarded James Maurice Moore, the appellee (husband), a limited divorce from Nina Lee Moore, the appellant (wife), on the ground of desertion; and 2) awarded custody of the minor children to the wife. On 26 February 1974, the wife returned to the marital home and the husband moved into an apartment. On 4 April 1974, the husband filed a bill of complaint for an absolute divorce on the ground of desertion. The wife denied the alleged desertion.

Although the parties continued to live separate and apart, in September, 1974, they resumed their sexual relationship. In June, 1975, they went to Rehobeth Beach where they lived together during a week's vacation. The husband planned to move back into the marital home after his wife disposed of her dogs and after he finished painting the interior of the house. On 9 October 1975, the husband decided not to move into the marital home and the parties stopped engaging in a sexual relationship. By 20 October 1975, the husband was involved in an adulterous relationship.

The husband explained that his decision that a reconciliation was impossible was not precipitated by a crisis. He said "the locks had been changed" so that he was unable to finish painting the interior of the house. He further said:

> "It was just that I would see her and for a couple of days everything would be rosy and then all of a sudden I would ask if she was going to be home the following night and she would tell me that she wouldn't be available. I really wouldn't know what

kind of treatment I would be getting when I would go to the house."

The wife offered no explanation as to why her husband decided to terminate their relationship.

On 31 December 1975, in the Circuit Court for Washington County, the husband filed an amended bill of complaint for an absolute divorce on the ground of desertion. On 31 March 1976, the wife filed a cross-bill of complaint for an absolute divorce on the ground of adultery. On 3 August 1976, the chancellor entered a decree which, in pertinent part: 1) awarded the wife an absolute divorce on the ground of adultery; 2) awarded custody of the remaining minor child of the parties to the wife; and 3) denied alimony to the wife. In his opinion the chancellor said:

> "This Court finds that a take home income of $150.00 a week makes Mrs. Moore substantially self-supporting. It is true that her Husband has a take home income of about twice what she has and if the Court could find that the Wife was without fault in causing the separation, it may be that the Court should order the Husband to pay the Wife something like $25.00 or $50.00 a week as alimony; however, *it is obvious that the Court cannot find that the Wife was without fault.* This Court has already found that she was guilty of deserting her Husband and the testimony in the present case indicated that, although they resumed the intimate relationship, they never lived together again under the same roof. There is no testimony which would support a finding that the adultery on the part of the Husband caused or contributed to the separation in this case. The Court finds that this separation was beyond any reasonable hope of reconciliation before the Husband began the affair with his present paramour. Therefore, the petition for alimony will be denied." (Emphasis added.)

On appeal the wife contends that the chancellor erred in denying her alimony. She maintains that she was without

fault because her desertion was condoned. The husband asserts that the wife was at fault because her condoned acts were revived. Alternatively, he argues that even a condoned act of desertion can establish fault in an alimony proceeding.[1]

Condonation is a conditional forgiveness of a marital offense.[2] The resumption of marital relations is evidence of condonation.[3] When misconduct is condoned, there is an implied promise that the marital offenses or acts rendering the marital relation intolerable will not be repeated by the erring spouse and that the offended party will be treated with conjugal kindness.[4] When the conditions upon which the original misconduct was condoned are breached, the original grievances are immediately revived as a cause or causes for divorce.[5]

Here the record shows that the wife's desertion was condoned by the resumption of a sexual relationship between the parties. There is nothing in the record to show that the wife thereafter committed any offense or act which rendered the marital relationship intolerable. Indeed, the husband himself testified that his unilateral decision not to return to the marital home and to terminate his existing sexual relationship with his wife was not based upon any particularly significant act or acts committed by his wife. While there was evidence to show that the husband was prevented from entering the home at will because the locks had been changed, there was no evidence that the wife thereafter unreasonably refused to see him or to have sexual relations with him. At most, the record shows that on

1. The husband's contention that the chancellor denied alimony because the wife's income was sufficient need not be considered because it is not supported by the record. The chancellor's opinion is premised solely upon his finding that the wife was at fault.

2. Dorsey v. Dorsey, 245 Md. 703, 704, 227 A. 2d 617, 618 (1967); Hilbert v. Hilbert, 168 Md. 364, 372-74, 177 A. 914, 918 (1935).

3. Hoffman v. Hoffman, 241 Md. 118, 122, 215 A. 2d 808, 811 (1966); Sullivan v. Sullivan, 234 Md. 67, 74, 197 A. 2d 910, 914 (1964); Neff v. Neff, 13 Md. App. 128, 132, 281 A. 2d 556, 559 (1971).

4. Dorsey, *supra*, 245 Md. at 704, 227 A. 2d at 618; Hilbert, *supra*, 168 Md. at 372-74, 177 A. at 918.

5. Timanus v. Timanus, 177 Md. 686, 10 A. 2d 322, 324 (1940); Singewald v. Singewald, 165 Md. 136, 140-41, 166 A. 441, 443 (1933).

occasion the wife had told him that "she wouldn't be available." Under these circumstances, there was insufficient evidence that the wife committed acts so lacking in conjugal kindness as to revive the condoned act of desertion.

The question remaining is whether the chancellor may deny alimony without considering factors such as the financial ability and respective needs of the parties when the party seeking alimony has committed an act of desertion which has been condoned and not revived. This question has not previously been decided in Maryland.

Because we are here reviewing the chancellor's ultimate conclusion in denying an award of alimony, his decision should be disturbed only if he clearly abused his discretion.[6] In making awards of alimony, there are no mechanical rules, rigid formulae, or statutory mandates to be followed. The amount to be awarded is governed by the circumstances of the case.[7] The factors which the chancellor ordinarily should consider in awarding alimony include the financial circumstances of the parties, their station in life, their age and physical condition, their ability to work, the length of time they lived together, the circumstances leading to the divorce, and the fault which destroyed the marriage.[8] The parties' financial ability and their respective needs are the controlling factors.[9]

There are, however, circumstances under which the chancellor should not take these factors into account. In *Flanagan v. Flanagan,*[10] the Court of Appeals said:

"However, in those suits in which the actions of the party seeking such a pecuniary award constitute

6. Davis v. Davis, 280 Md. 119, 126, 372 A. 2d 231, 234 (1977); German v. German, 37 Md. App. 120, 121, 376 A. 2d 115, 116-117 (1977).

7. Bowis v. Bowis, 259 Md. 41, 43, 267 A. 2d 84, 86 (1970); Eberly v. Eberly, 12 Md. App. 117, 126, 278 A. 2d 107, 112 (1971).

8. Willoughby v. Willoughby, 256 Md. 590, 593, 261 A. 2d 452, 453 (1970); Timanus v. Timanus, 178 Md. 640, 642-43, 16 A. 2d 918, 920 (1940); Birdsall v. Birdsall, 23 Md. App. 502, 513-14, 327 A. 2d 910, 917 (1974).

9. Willoughby, *supra,* 256 Md. at 592, 261 A. 2d at 453; Colburn v. Colburn, 15 Md. App. 503, 515, 292 A. 2d 121, 128 (1972); Quinn v. Quinn, 11 Md. App. 638, 651, 276 A. 2d 425, 431 (1971).

10. 270 Md. 335, 341, 311 A. 2d 407, 411 (1973).

the sole cause for the demise of the marriage, and this wrongdoing consists of acts which are either adultery or abandonment, then, except in rare instances where there exist extremely extenuating circumstances, the award of any alimony would be an abuse of discretion. We have designated adultery and abandonment not on a whim, but because these are the only direct culpatory deeds that the Legislature has selected by name which either authorize or can ripen into grounds for an *a vinculo* divorce thereby indicating that it considers them the more heinous of the acts which can terminate a marriage."

Thus, the Court of Appeals has recognized that when the actions of the party seeking alimony are the sole cause of the destruction of the marriage, and the wrongdoing consists of acts so serious that they can constitute grounds for an absolute divorce, alimony must be denied unless there are extremely extenuating circumstances.

An act of desertion which has been condoned and has not been revived cannot be a ground for an absolute divorce.[11] Accordingly, when the wrongdoing of the party seeking alimony consists of a condoned act of desertion, the circumstances requiring a denial of alimony without consideration of any other factor are not present. In the absence of such circumstances, the chancellor must take all of the other relevant factors into account in determining whether to award alimony. Thus, when a party seeking alimony has committed an act of desertion which has been condoned and not revived, the chancellor may not deny alimony without considering the financial ability and respective needs of the parties.

Here the chancellor found that the wife's desertion was the sole cause of the destruction of the marriage. Because he made no other comment with respect to the denial of

11. Hoffman, *supra*, 241 Md. at 122, 215 A. 2d at 811; Sullivan, *supra*, 234 Md. at 74-75, 197 A. 2d at 914; Smith v. Smith, 198 Md. 630, 634, 84 A. 2d 890, 891 (1951).

alimony, it is apparent that he based his determination solely upon this fact. The record here shows that the wife's act of desertion was condoned and not revived: Under these circumstances, the chancellor should have considered all of the relevant factors ordinarily required to determine whether alimony should be awarded. In failing to do so, he clearly abused his discretion. Accordingly, we shall reverse and remand for further proceedings in which the chancellor shall make appropriate findings with respect to all the factors ordinarily considered in awarding alimony and shall then determine the proper amount of alimony, if any, which should be awarded.

*That portion of the decree denying alimony vacated.*

*All other portions of the decree affirmed.*

*Case remanded for further proceedings in accordance with this opinion.*

*Costs to be paid by appellee.*