## CUPPS *v.* CUPPS

[No. 62, September Term, 1966.]

*Decided March 17, 1967.*

The cause was argued before HORNEY, MARBURY, OPPEN-HEIMER, McWILLIAMS and FINAN, JJ.

*Saul M. Schwartzbach,* with whom was *David M. Wortman* on the brief, for appellant.

Submitted on the brief by *Donald H. Cupps,* in proper person, appellee.

PER CURIAM.

In his bill for a divorce from the bonds of marriage, appellee (Husband), charging adultery, asked also for the custody of the children, daughters aged 9 and 13. Appellant (Wife) answered denying the adultery. In her cross-bill she alleged desertion and the surreptitious abduction of the children by the Husband. She asked for their immediate return and permanent custody, temporary and permanent alimony, permanent maintenance for the children, costs and counsel fees. After hearing testimony for two days and examining 38 exhibits the trial judge (Shure, J.) dismissed both the Husband's bill of complaint and the Wife's cross-bill. He retained jurisdiction of the parties and gave the Husband custody of the children, subject to the further order of the court. Also he ordered the Husband to pay the Wife's solicitor $500.

Judge Shure said, in his able opinion, that "the testimony disclosed an adulterous and clandestine relationship between the" Wife and another man. However, he added, "while the husband had ample grounds for divorce, his conduct, even up to the night before the trial, was one of complete forgiveness and the court must, therefore, hold that her adultery had been forgiven." In respect of the cruelties alleged in the Wife's cross-bill he said "there was no proof other than her own testimony." Judge Shure also gave his reasons for awarding custody to the Husband. He said:

> "Esther Cupps' conduct over the past several years has been of a nature completely inconsistent with that of a true and faithful wife and lacking that of a mother example to her children. Also, she has been a career

musician, spending a great deal of time away from her children. Charles L. Pierce, Chairman of the Music Department of the Columbia Union College, where she was formerly employed, testified that the father's relationship with the girls was good and that he was completely capable of being a good custodian. Neil Tilkens, another teacher, testified of tensions between the mother and the children; Enos C. Levy, a friend of both parties for the past five years, testified that the mother does not spend enough time with the children and that he thought the father 'would do a good job' with them. No one testified that the father was deficient in any way as a custodian and the best interest of said children dictate that they be placed with their father at this time, always subject, however, to further consideration upon Petition. (*Parker v. Parker,* 222 Md. at pg. 69)"

In respect of the counsel fee he said:

"The attorney for the wife has requested an attorney's fee for representation of her in this divorce action. He has been paid $400.00 by her and she has also expended the sum of $105.00 in the taking of a deposition. She has a small income as a music teacher and church organist, amounting in 1964 to approximately $2,000.00. The husband is a teacher in the public schools of this County, earning a salary of $9,000.00 per annum, and has no other income or independent means. The test as to the amount to be awarded is the income of the husband at the time of trial (*Kapneck v. Kapneck,* 235 Md. 366; *Newmeyer v. Newmeyer,* 216 Md. 431). The trial took the equivalent of two days with no unusual or complicated problems involved, and the Court feels that an award of $500.00 toward the wife's solicitor's fee is ample."

In the light of our holdings in *Cornwell v. Cornwell,* 244 Md. 674, 224 A. 2d 870 (1966); *Heaver v. Bradley,* 244 Md. 233, 223 A. 2d 568 (1966); *Raible v. Raible,* 242 Md. 586, 219 A. 2d 777 (1966) and the cases therein cited, the decree of the

trial judge will be affirmed; however, since the court's decree is silent in respect of the matter of visitation rights the case will be remanded for such further proceedings as may be necessary to resolve the terms and conditions upon which the Wife may visit the children or have them visit her and to accomplish an appropriate revision of the decree. *Radford v. Matczuk,* 223 Md. 483, 164 A. 2d 904 (1960).

> *Decree affirmed.*
> *Remanded for further proceedings consistent with the views expressed in this opinion and such revision of the decree as may be necessary or appropriate.*
> *Costs to be paid by the appellee.*