## DORSEY v. DORSEY

[No. 232, September Term, 1966.]

*Decided April 5, 1967.*

The cause was argued before HAMMOND, C. J., and MARBURY, OPPENHEIMER, McWILLIAMS and FINAN, JJ.

*George W. Bowling,* with whom were *Ginsberg & Ginsberg* and *Hyman Ginsberg* on the brief, for appellant.

No brief filed for appellee.

PER CURIAM.

Appellant husband appeals from a decree awarding a divorce a vinculo, which was based on a finding that he was guilty of adultery, and granting custody of a child of the marriage to the appellee wife, together with alimony and maintenance for the child. The chancellor found that the husband and his paramour had both the inclination to commit adultery and ample opportunity to indulge that inclination and had done so. An examination of the record leaves us convinced that the chancellor had a sufficient probative basis for his determination. *Faraclas v. Faraclas,* 234 Md. 337, 199 A. 2d 234.

Although the wife had suspicions about her husband's faithfulness, she continued to live with him and have relations with him until about the middle of October 1965, when she observed her husband having a rendezvous with his paramour. By her cohabitation with sexual relations, the wife may be said to have condoned the previous matrimonial offenses of her husband, *Sullivan v. Sullivan,* 234 Md. 67, 197 A. 2d 910, but after the middle of October, when the wife left the marital abode and refused to continue the marital relationship because of her husband's continuing infidelity, she no longer condoned his actions. Condonation is forgiveness with the implied condition that the marital offenses shall not be repeated and the offended shall be treated with conjugal kindness, and, as in this case, where the husband breaches this condition by maintaining his illicit relationship, the right to the remedy for former marital offenses revives. *Sullivan v. Sullivan,* 223 Md. 74, 162 A. 2d 453; *Schriver v. Schriver,* 185 Md. 227, 44 A. 2d 479; *Lissy v. Lissy,* 180 Md. 689, 23 A .2d 39.

The award of custody of the child is within the discretion of the chancellor, and we hold that the exercise of his discretion in this case was not clearly erroneous. *Cornwell v. Cornwell,* 244 Md. 674, 224 A. 2d 870.

*Decree affirmed, with costs.*