HODER *v.* HODER

[No. 146, September Term, 1966.]

*Decided April 6, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*J. Seymour Sureff* for appellant.

*Gerald A. Kroop,* with whom were *Kroop, Cohen & Harris* on the brief, for appellee.

PER CURIAM.

The mother of two small children contends that the chancellor erred in awarding custody of the children to their father.

Judge Jones found that the mother, who had moved back to Baltimore from the family home in Florida, was carrying on an adulterous relationship with a married man by whom she had an illegitimate child when she was fifteen and that this man was the important, overriding consideration of her life, far

more so than the children, and came to the following conclusion:

> "Bringing up two young children in such an atmosphere with the mother's paramour being the dominant figure in her life and in the children's surroundings is not conducive to the welfare and best interests of the children. Here the mother has not overcome the strong presumption that she should not, under the circumstances outlined, have the children. *Hild v. Hild,* 221 Md. 349; *Parker v. Parker,* 222 Md. 69; *Palmer v. Palmer,* 238 Md. 327."

Judge Jones found, in addition, that the mother's temperament, character and past attitude towards the children did not qualify her as a fit mother and, judging the future by the past, was unwilling to "gamble with the future welfare of these young children by letting them remain with their mother." The father was found to be a fit parent.

We think the testimony permitted the findings of the chancellor and see no reason to disturb her exercise of judgment and discretion under the circumstances. *Cupps v. Cupps,* 245 Md. 700, and cases cited.

*Decree affirmed, costs to be paid by the appellee.*