## MILLER *v.* MILLER

[No. 207, September Term, 1966.]

*Decided April 7, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*Richard C. Murray,* with whom were *George W. White, Jr.* and *Buckmaster, White, Mindel & Clarke* on the brief, for appellant.

712

■■■■■■■■■■■■■■■

*T. Benjamin Weston,* with whom were *Rollins, Smalkin, Weston & Andrew* on the brief, for appellee.

PER CURIAM.

In *Hoder v. Hoder,* 245 Md. 705 (1967), we recently affirmed Judge Jones' decree refusing custody to a mother who was found to be adulterous and to be otherwise unfit. Fourteen days after she acted in the *Hoder* case, Judge Jones granted custody of three children, eight, ten and twelve years old, to a mother who admitted a several months' period of adulterous relationship with a man she planned to marry after his divorce, who frequented her home during that period. The chancellor found that when the mother realized that her relationship with the children, her right to custody and the welfare of the children were jeopardized by the affair, she broke off relations and has not since seen the man who has been reunited with his wife. The court found further that there has been a true repentence of the illicit relationship, that she had not had improper relations with a subsequent admirer, that the children whom the court interviewed separately and privately were exceptional children, with highly and keenly developed minds who have had good training in school, church and home, for much of which the mother was responsible, and that they loved and respected their mother and without prompting stated their preference to live with her. Judge Jones felt that the children had not been hurt by the episode of the mother's brief adulterous relationship. The father, who had remarried, would have been a fit guardian of the children and the mother, with the adulterous relationship not considered, equally so. Weighing all the factors, Judge Jones concluded that to remove "these well oriented and intelligent children" from their satisfactory home would not be to their best interests, that there was a real possibility that the present stability of these sensitive, alert children with close ties to their mother would be adversely affected by sending them to the home of their father "with his new young wife and her two young children."

We say again what we said in *Hoder*: "The testimony permitted the findings of the chancellor and [we] see no reason to

disturb her exercise of judgment and discretion under the circumstances." *Cornwell v. Cornwell,* 244 Md. 674; *Heaver v. Bradley,* 244 Md. 233; *Raible v. Raible,* 242 Md. 586.

*Decree affirmed, costs to be paid by appellant.*