## PRATT *v.* PRATT

[No. 214, September Term, 1966.]

*Decided April 13, 1967.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, OPPENHEIMER, McWILLIAMS and FINAN, JJ.

*Jack R. Turney* and *Edward J. Ryan* for appellant.

*Fred A. Thayer* for appellee.

PER CURIAM.

This appeal arises out of another minor engagement in the ceaseless war between men and women. The trial judge awarded the custody of two children to the wife. The appellant (husband) alleges error because, he says, the wife is an adulteress and a perjurer. The circumstances, as related by the trial judge, are:

"The testimony in this case reveals a marrige over a period of approximately sixteen years fraught with strife, separations and turmoil; these parties having previously been in court on at least two prior occasions over their marital difficulties. In reviewing the testimony of the witnesses in this case, the court is of the opinion that each of these two parties has seriously contributed to the marital difficulties and the ultimate separation, and for this reason neither is entitled to a divorce under the 'clean hands' doctrine of equity.

"The more serious problem, and the one which gives the court more difficulty, is the question of custody of the two minor children born of this marriage. The thirteen year old daughter * * * has expressed an intense dislike for her father and has indicated that she would refuse to live with him under any circumstances. The other child, * * * [a boy], is only two years old; both of whom have resided with and been cared for by the * * * [wife] since their birth, and during previous periods of separation.

"The testimony reveals that the * * * [wife] committed adultery in 1962, and further by her own admission perjured herself on the witness stand during the hearing of this case. The act of adultery in 1962 was condoned by the * * * [husband] after he had full knowledge of same, and the parties subsequently lived together as man and wife until the final separation December 10, 1965, having ceased cohabiting as husband and wife August 22, 1965. The testimony further revealed that the final separation resulted from an altercation between the * * * [wife] and the * * * [husband] where the * * * [husband] assaulted the * * * [wife] for which he was convicted by the Trial Magistrate in Oakland, Maryland, and which was established by the testimony of the * * * [wife] and her daughter. There is evidence that he is somewhat emotionally unstable where his family is concerned and that his strong emotions divest him of sound reasoning at various times.

"It would be inconceivable to the court to award custody of the daughter * * * to the father in view of her attitude towards him and her expressed determination not to live with him, and the court would earnestly fear the consequences if she were compelled to live with the * * * [husband]. For these reasons the court feels that custody of said minor daughter should be awarded to the mother. In considering the custody of the infant son * * * the court must consider the tender age of this child as well as the policies of the courts in this State against divided custody, and therefore, the court feels that the best interest of this child will be served in granting custody to the * * * [wife]. It should be noted that there is no evidence in this case whatsoever to indicate that the * * * [wife] has not always loved and properly cared for the two infant children born of this marriage, or that she is not completely devoted to them.

"While the * * * [husband] testified that he has a good home for these children with his mother and sis-

ter in the town of Kitzmiller, neither the mother or sister were produced as witnesses to substantiate or corroborate the testimony of the * * * [husband]."

We have examined with care the details of this melancholy episode and, having in mind our holdings in *Miller v. Miller,* 245 Md. 711, 228 A. 2d 311 (1967) ; *Hoder v. Hoder,* 245 Md. 705, 227 A. 2d 750 (1967) ; *Dorsey v. Dorsey,* 245 Md. 703, 227 A. 2d 617 (1967) ; *Cupps v. Cupps,* 245 Md. 700, 227 A. 2d 225 (1967) ; and *Cornwell v. Cornwell,* 244 Md. 674, 224 A. 2d 870 (1966), we see no reason for disturbing the decision of the trial judge.

*Decree affirmed.*
*Appellant to pay the costs.*