## HARDISTY *v.* SALERNO

[No. 17, September Term, 1969.]

*Decided November 6, 1969.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Donald B. W. Messenger*, with whom was *John A. Scardina* on the brief, for appellant.

*Marion E. West*, with whom was *Sherman W. West* on the brief, for appellee.

PER CURIAM.

This case is before us on appeal from an order of the Circuit Court for Prince George's County continuing custody of four children in the appellee, their father, and finding appellant, their mother, in contempt of court for violating the custody decree. On July 14, 1965, the father was granted a divorce from the mother on grounds of adultery. The divorce decree awarded custody of the couple's four children to the father. On April 25, 1966, the circuit court modified its decree and allowed the appellant Saturday visitation rights. In October, 1966, these rights were extended to include Friday and Saturday. During one of these visitation periods, the appellant decided not to return the children to the appellee. She believed that the appellee had administered a severe beating to them and feared for their safety. She had the father arrested on assault charges and he was found guilty of this charge in the People's Court of Prince George's County.

On August 28, 1968, the appellee filed a petition asking the court to find the mother in contempt for refusing to obey the custody decree. The mother filed a bill asking that the custody decree be reconsidered. After a hearing, Judge Mathias found the mother in contempt for failing to return the children and continued the custody of the children in the father.

The appellant raises two issues before us on appeal. The first is whether the chancellor erred in awarding

custody to the appellee. The second issue is whether the court must hear evidence concerning events which occurred prior to the present custody decree. We will discuss these issues in order.

The legal standard for determining custody is well settled in Maryland. As we stated in *Shanbarker v. Dalton,* 251 Md. 252, 257, 247 A. 2d 278 (1968), "It is a well established principle of law in Maryland that what is best for the child is the determining factor in custody cases." See also *Breault v. Breault,* 250 Md. 173, 242 A. 2d 116 (1968); *Heaver v. Bradley,* 244 Md. 233, 223 A. 2d 568 (1966); *Andrews v. Andrews,* 242 Md. 143, 218 A. 2d 194 (1966); and *Holcomb v. Holcomb,* 255 Md. 86, 256 A. 2d 886 (1969). Appellant contends that an assault conviction required a finding that continued custody in appellee is not in the best interests of the child. However, we have often held that all factors must be considered in order to determine who will best serve the child's interests. See *Shanbarker v. Dalton,* supra. A finding of assault need be no more conclusive upon the issue than a finding of adultery. See *Orndoff v. Orndoff,* 252 Md. 519, 250 A. 2d 627 (1969); *Pratt v. Pratt,* 245 Md. 716, 228 A. 2d 611 (1967); and *Cornwell v. Cornwell,* 244 Md. 674, 224 A. 2d 870 (1966).

In making a custody determination the Court will give great weight to the chancellor's findings of fact. The reason for this is well stated by Judge Collins in *Sibley v. Sibley,* 187 Md. 358, 362, 50 A. 2d 128 (1946): "We see none of the parties. The chancellor had the parties and the witnesses before him. He was able to observe their demeanor and general appearance while on the stand, to judge of their character, probable attitude toward and their probable influence over the infant." In the present case it seems clear from the testimony of the arresting officer and appellee's maid that the beating was in no way severe or brutal. Judge Mathias seemed to think the children needed the discipline and that perhaps appellee had missed the intended mark and happened upon a portion of the anatomy more tender with one of the

children. In any event there was sufficient testimony to indicate that there were no deep bruises a day after the "beating." Judge Mathias also relied a great deal upon his knowledge of the parties to this case, having presided over two previous custody proceedings. In his opinion the appellant was looking for the slightest excuse to start new custody proceedings. The testimony is sufficient to support this belief. Apparently appellant had a criminal warrant sworn out without investigating any of the facts. It appears the court construed this as indicative of an ulterior motive. Judge Mathias also relied on the recommendations of a minister and social worker that the appellee would have a better influence on the children than the appellant. It must also be remembered that this is not the first custody litigation between these parties. The appellant has challenged the custody decree at least two other times since the divorce. We are not persuaded that the decision of the lower court should be disturbed.

The second issue is whether the lower court erred in refusing to hear testimony concerning events prior to the original custody decree which would tend to establish that she was not an unfit mother. If this is tantamount to an assertion that the entire case history must be presented at each custody hearing, it obviously cannot stand. While custody decrees are never final in Maryland, any reconsideration of a decree should emphasize changes in circumstances which have occurred subsequent to the last court hearing. *Taylor v. Taylor*, 246 Md. 616, 620, 229 A. 2d, 131 (1967). This is at least the fourth time the issue of custody has been litigated by these participants. To require Judge Mathias to hear evidence on events which have already been before the court would be an unnecessarily harsh burden and would encourage the constant relitigation of previously adjudicated issues.

Although it does not clearly appear from the record, the testimony which was excluded apparently went to the issue of the character of the wife's present spouse. The court refused to hear the testimony of a clergyman who was familiar with the parties. The other evidence con-

cerned the import of a letter which the father had sent to a welfare worker in answer to the initial report from that department and which concerned the wife's present husband and of which letter the appellant claims she was unaware. The court viewed all of this as an effort to re-try the original custody order and would not allow the appellant to pursue this line of testimony. It is true that *Raible v. Raible*, 242 Md. 586, 219 A. 2d 777 (1966), cited by the appellant, is authority for the proposition that past events can be looked to in determining the present character and fitness of the parties. However, here the chancellor was of a mind that this had already been done with regard to the parties to this cause. We also note that this Court in *Raible,* quoted from Judge (now Chief Judge) Hammond's opinion written for the Court in *Trudeau v. Trudeau,* 204 Md. 214, 218, 103 A. 2d 563 (1954), wherein it is stated, "no custody matter is the image of another and in none can the proper paths be plotted automatically on a map of the principles laid down by the cases."

*Order affirmed, appellee to pay costs.*