# HUGHES *v.* HUGHES

[No. 200, September Term, 1957.]

*Decided April 25, 1958.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ., and MACGILL, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Eugene Hettleman* and *Joseph Hettleman* for the appellant.

*William D. Schaefer* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order passed on October 10, 1957, dismissing a petition, filed July 29, 1957, for rehearing and to revise a decree for alimony passed on July 9, 1957. The controversy was before this Court in the case of *Hughes v. Hughes,* 213 Md. 452. In that case the husband appealed from a decree passed on January 14, 1957, dismissing his bill for a divorce *a vinculo* on the ground of voluntary separation, and awarding permanent alimony of $15.00 a week to the wife on her amended cross-bill, which alleged adultery and desertion, but did not pray a divorce. The award of alimony was predicated upon a finding that the wife had established adultery on the part of the husband. We noted that the husband did not contest the allowance or amount of alimony, a concession that was made in this Court by his counsel. The husband had admitted in the court below that he had been guilty of adultery, and the evidence showed that he had been openly living with another woman and had had numerous children by her, after he separated from his wife thirty years ago. He offered no evidence in opposition to the wife's claim for $15.00 a week alimony. There was testimony that she was in bad physical condition, and, in the opinion of her doctor, unable to work.

Counsel represented to us in the previous appeal that the husband's sole motive in taking the appeal was to clear the way for the legitimization of his issue, barred by the wife's action in amending her cross-bill to strike out the prayer for divorce. We held that the testimony as to the voluntary character of the separation was sufficiently corroborated, and that he was entitled to a divorce on this ground. We affirmed the award of alimony. Upon remand, the Chancellor signed

a decree granting the divorce to the husband as directed, and ordered the payment of $15.00 a week alimony. Other orders holding him in contempt for the nonpayment of past due alimony, and declining to reduce the amount of alimony at that time, are not contested here.

The petition for rehearing alleged that the decree of July 9, 1957, awarding alimony, had not become enrolled, and that he was entitled to a rehearing under Rule 690 of the Maryland Rules. We think Rule 690 has no application here. We affirmed the award of alimony passed on January 14, 1957, and the order of July 9, 1957, merely confirmed the previous award, *pro forma* and in accordance with the mandate. It may be regarded as surplusage.

In *Matysek v. Matysek*, 212 Md. 44, 54, we said in regard to voluntary separation that the divorce statute "manifests an intention to permit the marriage relationship to be terminated in law, as well as in fact, without regard to fault." Thus, recrimination is not a defense in a suit based on voluntary separation. On the other hand, a wife may be entitled to alimony, even where a divorce on the ground of voluntary separation is granted to the husband. *Foote v. Foote*, 190 Md. 171, 180. Of course, the amount of alimony may be subsequently challenged on the ground of a change in the financial status of the parties. *Cohn v. Cohn*, 209 Md. 470, 478; *Brown v. Brown*, 204 Md. 197, 209. But the right to alimony cannot ordinarily be relitigated, certainly not upon a motion for rehearing filed after the decree is enrolled.

It is contended, however, that even an enrolled decree, awarding alimony, may be subsequently attacked on the ground that the wife has been guilty of adultery, as an exception to the general rule that the revisory power of the Court is limited to cases of fraud, mistake or irregularity under Rule 625 of the Maryland Rules. The petition in question sought a revision of the decree on the ground that the wife had been guilty of adultery and had lived with another man "for many years" after the separation thirty years ago. It was not alleged that she had committed adultery since the time of the trial. The record of the previous appeal shows that, according to her daughter, she was living alone

in an apartment and had supported herself ever since the separation, and the Chancellor so found. The record also shows that the husband testified that his wife had been guilty of adultery prior to the separation, but the Chancellor found otherwise. In the opinion in the instant case the Chancellor referred to the testimony on this point as "not convincing", and noted that the issue was pertinent in the original hearing but was "not pursued". The Chancellor also referred to the general rule that "Parties must adduce all the evidence which may be material at the original hearing". As to the claim that the petitioner "has obtained evidence which he did not have previously", the Chancellor observed that the husband had had his day in court and had made no showing of reasonable diligence to obtain and produce evidence in support of his claim.

The appellant strongly relies upon *Courson v. Courson,* 213 Md. 183. In that case we held, by a closely divided court, that a husband, paying alimony under a decree for divorce *a mensa* granted to the wife on the ground of desertion, was entitled to revocation of the alimony award, on the ground that in his subsequent suit for divorce *a vinculo,* her adultery had been judicially determined, although he was not entitled to a decree because the statutory period after which she would have been entitled to a divorce *a vinculo* had expired prior to her adultery. See *Courson v. Courson,* 208 Md. 171. We held that the wife had "no justification for complaint when the Chancellor suspended her alimony payments", under the circumstances. We think the case is distinguishable. It seems clear that the voluntary separation, continued for the statutory period, would be available to either party as a ground for divorce *a vinculo,* despite the adultery of one or both parties. · *Matysek v. Matysek, supra.*

If we assume, without deciding that proof of the wife's adultery in the instant case might have been relied on to bar an award of alimony in the original proceeding, we· think the husband waived or abandoned that ground of defense when he not only failed to produce the evidence which he might then have brought forward, but disclaimed any contest as to the allowance or amount of alimony on appeal. Since a party

to a cause may waive even constitutional rights to which he would otherwise be entitled, we think he should not be allowed to relitigate a question that has been finally adjudicated on the faith of his waiver.

In 17 *Am. Jur.*, "Divorce and Separation", § 719, p. 764, it is stated: "* * * all questions concerning alimony which are or ought to be determined in a divorce proceeding are res judicata in a subsequent proceeding in the same jurisdiction. This is equally true where the terms of the decree, relative to alimony, were incorporated by the court at the suggestion and with the consent of the parties." If not *res judicata*, the right to alimony was at least judicially determined, and thus became the law of the case. Cf. *Plank et al. v. Summers*, 205 Md. 598, 602. This would be true even if the allowance had been contested and decided contrary to the appellant's contention. If every adjudication were open to review after it has been affirmed on appeal, there would be no finality or end to judicial proceedings, and we see no reason to make an exception in the case of the right to alimony, even though the Chancellor retains a measure of control over its modification in the light of changed conditions. We find no abuse of discretion in the Chancellor's ruling under the circumstances.

*Order affirmed, with costs.*