## HOLOFCENER *v.* HOLOFCENER

[No. 364, September Term, 1965.]

*Decided June 2, 1966.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY and McWILLIAMS, JJ.

*Alexander Stark* for appellant.

*Herbert Myerberg* and *Charles J. Harrison* for appellee.

PER CURIAM.

This is an appeal by Michael G. Holofcener from a decree of divorce a vinculo matrimonii awarded to his wife, Ruth G. Holofcener.

In July 1964 the wife filed a bill of complaint for divorce a mensa et thoro on the ground of constructive desertion. In October of the same year the parties signed a voluntary separation agreement which also covered property rights and child custody. Three months after the agreement was signed, the wife filed a petition for leave to file a supplemental bill of complaint in which she alleged adultery on the part of her husband. In her petition no mention was made of the separation agreement which had been entered into since the filing of the original bill of complaint. The order allowing her to file the supplemental bill was signed in due course. A hearing was held in open court in April 1965 and the chancellor found that the husband had been guilty of adultery since the filing of the original bill, and consequently granted an absolute divorce in the wife's favor.

The correctness of the chancellor's finding of adultery is not seriously challenged, but the appellant raises two legal questions: (1) While the parties were living separate and apart pursuant to the terms of a voluntary separation agreement, may one party to the agreement seek a divorce on the culpatory ground of adultery, if that adultery was committed and the divorce proceeding based thereon is concluded, prior to the expiration of the eighteen months period required to ripen the voluntary separation into a ground for absolute divorce; and (2) by not mentioning the intervening separation agreement did appellee's petition for leave to file a supplemental bill of complaint fail to disclose a material fact to the court.

In regard to the first question presented, the appellant's contentions are: (a) That by signing the separation agreement the wife purposefully lulled him into a "sense of security" so that evidence could be more readily procured against him; and (b) that the Legislature, by adding voluntary separation for a prescribed statutory period as a ground for absolute divorce (see Code (1957, 1965 Cum. Supp.), Article 16, Section 24, Clause 5) intended that this ground be used, if available, rather than

the culpatory ground of adultery. As to the first contention, paragraph 14 of the separation agreement specifically reserved the right of either of the parties "to assert as a ground for divorce any cause or ground which either of them may now or hereafter have against the other," and there is nothing otherwise contained in the agreement which would lead a signer to believe that it was intended to be a "license for licentiousness." The second contention is likewise devoid of merit. It is apparent from a reading of Article 16, Section 24, that the Legislature, by including voluntary separation as a fifth ground for an absolute divorce, did nothing more than create an independent cause of action, without disturbing or modifying in any way the existing third ground (adultery).[1] When the appellee filed her supplemental bill of complaint the voluntary separation had not yet ripened into a ground for divorce of any kind and the Legislature surely did not intend that an innocent spouse living apart by mutual consent must sit idly by and endure the shame of the other's adulterous conduct until such time as a nonculpatory ground for divorce matures. No support for the appellant's position is afforded by the two cases (*Matysek v. Matysek,* 212 Md. 44, 128 A. 2d 627; *Hughes v. Hughes,* 216 Md. 374, 140 A. 2d 649) cited in his brief. In those cases we merely held that adultery is not a recriminatory defense to a divorce action based on a voluntary separation which has endured for the statutory period. The rationale of those decisions does not control the question here presented.

From what we have said in regard to the first question, the answer to the second becomes apparent, *i.e.,* that the existence of the intervening separation agreement was not a material fact of such a nature as had to be mentioned in the petition for leave to file a supplemental bill of complaint.

> *Decree affirmed. Appellant to pay the costs.*

---

1. The initial recognition, in this State, of voluntary separation as a ground for divorce a vinculo matrimonii is found in Md. Acts 1937 Ch. 396 which amended Md. Code Art. 16, Sec. 38. The amendment required that the parties voluntarily live separate and apart for five years without reasonable expectation of reconciliation. See also Md. Code (1939) Art. 16, Sec. 40.