ROWENA MAE SANDERS *v.* FLORIDY
SANDERS

[No. 351, September Term, 1970.]

*Decided June 29, 1971.*

The cause was argued before MORTON, ORTH and MOY-LAN, JJ.

*Bill L. Yoho*, with whom were *Robert S. Hoyert, Robert A. Diemer, Roy W. Hooten, Joseph F. McBride* and *Hoyert, Diemer, Yoho, Hooten & McBride* on the brief, for appellant.

*Rudolph N. D'Agaris*, with whom was *George L. Quinn, Jr.*, on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Prince George's County granting the husband's motion to dismiss the wife's bill of complaint for a divorce *a mensa et thoro* on the ground that the husband had previously been granted an absolute divorce in the State of Kansas.

It is contended that the Kansas decree of divorce was not entitled to full faith and credit in this State for the reason (1) that the husband was not a bona fide resident in that State at the time the decree was entered and (2) that the husband fraudulently failed to comply with the Kansas statutory procedural requirements with respect to service of process upon the wife.

It appears that the husband at an early age moved with his family to Topeka, Kansas, where he attended school from 1949 until 1954 at which time he entered the United States Air Force. The wife was born in Kansas, grew up there and according to her, she and the husband were "high school sweethearts." Notwithstanding this, she married another person and lived for sometime in the District of Columbia. This marriage was dissolved when the wife left the District of Columbia, returned to Kansas and obtained a divorce there. She then went to California where the husband-appellee was stationed and the parties were married there on August 18, 1959. They lived together in California until September 1966 at

which time the husband was transferred to Andrews Air Force Base in Prince George's County, Maryland, where he lived in quarters on the Base. The wife remained in California until December 1968 when she went to Kansas to live with her parents pending the moving of their furniture to Prince George's County where the husband had purchased a home. In February, 1969, the wife left Kansas and joined her husband in Prince George's County where they lived together in the newly purchased house until October 17, 1969, at which time the husband moved out and again took up residence in quarters on the Andrews Air Force Base.

The record indicates that sometime prior to October 10, 1969, the husband signed in Maryland a petition for divorce prepared and sent to him by a Kansas attorney whom he had previously consulted. The petition for divorce alleged that the wife "has been guilty of gross neglect of duty and extreme cruelty toward plaintiff." The petition was filed by the husband's Kansas attorney on November 7, 1969. Filed with the petition for divorce was an "Affidavit to Obtain Service by Publication" executed by the husband's Kansas attorney. The affidavit contained the assertion that "the defendant is a non resident of this State and that plaintiff has exercised reasonable diligence to ascertain her whereabouts and cannot obtain serve [sic] of summons upon the defendant within this State or any other State." Thereafter, notice of the pendency of the suit was published in The Topeka Daily Legal News on November 10, 17 and 24, 1969.

According to the wife, the first knowledge she had of her husband's petition for a divorce in Kansas was through a telephone call from her mother, who resided in Topeka, Kansas, advising her of the publication of the suit in the Kansas newspaper. The wife then consulted the brother of her husband's Kansas attorney, who was an attorney practicing in Washington, D. C., and a friend of the wife. He advised her that he could not represent her but did obtain, presumably from his brother in Kansas, a copy of the petition for divorce that had been filed

on behalf of the husband in Kansas. After this, her mother apparently talked with an attorney in Kansas but he was not retained to represent the wife. Instead she retained local counsel who filed a suit on her behalf in Prince George's County on December 10, 1969, seeking a divorce *a mensa et thoro*. Accompanying the suit was a "rule to show cause" why the husband should not be enjoined from prosecuting the proceedings for divorce in Kansas. Thereafter, the husband filed a motion to dismiss the rule to show cause and the lower court on January 24, 1970, ordered that the rule to show cause be "discharged." On February 13, 1970, the husband filed a motion to dismiss the wife's suit for an *a mensa et thoro* divorce on the ground that he had obtained a valid decree of divorce from the wife in the Kansas proceeding on January 7, 1970. A hearing was held on April 3, 1970, and, after holding the matter *sub curia,* the Chancellor granted the Motion to dismiss on April 23, 1970.

In ordering that the motion to dismiss be granted, which order was accompanied by a written opinion, the Chancellor found from all the evidence that the husband, although living in Maryland at the time of the Kansas proceeding, was legally domiciled in Kansas and concluded that full faith and credit must be accorded the Kansas decree of divorce.

The Chancellor did not, however, pass upon the issue raised by the wife below that the husband failed to comply with the statutory requirements of Kansas with respect to service of process upon the wife and that the husband's failure in this respect constituted a denial to the wife of procedural due process.

In *Nelson on Divorce,* Chapter 33, Section 33.31, it is stated:

> "While a valid decree rendered by a court of competent jurisdiction ordinarily is entitled to recognition in another state, it is settled that a decree is not entitled to such recognition, either under the Full Faith and Credit Clause or upon principles of comity, if it is void for want

of jurisdiction, in the court which rendered it, either as to the subject matter, generally or because of lack of the requisite domicil in the state, or *as to the parties, by reason of the absence of procedural due process."* (Emphasis supplied.)

Thus, it is here argued that because of the husband's failure to comply with the Kansas statutory procedural requirements, the wife was not subject to the jurisdiction of the Kansas court and, therefore, its decree granting the husband a divorce is not entitled to recognition in this State under the Full Faith and Credit Clause (Art. IV, Sec. 1) of the United States Constitution.[1]

The applicable requirements of process are set forth in Kansas Statutes Annotated, 60-307, *Service by mail or publication,* which provides:

"(a) *When permissible.* Service may be made either by mail where the address is known, or by publication in any of the following cases:

(1) In actions to obtain a divorce or alimony or annulment of the contract of marriage where the defendant resides out of the state or where plaintiff with due diligence is unable to make service of summons upon the defendant within the state.

\* \* \*

(b) *Construction and effect.* The process provisions of this section shall be construed as separate and permissive methods of obtaining service."

Section (c) sets forth the "Procedure for service by mail" and Section (d) sets forth the requirements of the "Affidavit for service by publication", and provides:

"Before service by publication as provided in this section can be made, one of the parties or

---

1. "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."

his attorney shall file his affidavit stating such of the following facts as are applicable:

(1) The residences of all named defendants sought to be served, if known, and the names of all such defendants whose residences are unknown after reasonable effort to ascertain the same."

* * *

Subsection (d) (5) sets forth the form of the affidavit to be submitted and requires, among other things, "[t]hat the defendants on whom service by publication is sought and whose names and addresses are known are as follows: (Names and addresses.)"

Subsection (d) (6) provides: "When such affidavit is filed service may proceed by publication or by mail."

Subsection (e) sets forth the requirements with respect to the form of notice to be published and the period of publication.

Subsection (f) provides: *"Mailing copy of notice.* The party seeking to secure service by publication shall, within seven (7) days after the first publication, mail a copy of the publication notice to each defendant whose address is stated in the affidavit for service by publication."

Subsection (g) provides: *"When service complete.* Service by publication shall be deemed complete when it shall have been made in the manner and for the time prescribed in the preceding paragraphs (e) and (f), and such service shall be proved. * * *."

From an examination of the record before us it would appear that the husband may very well have failed to comply in several respects with the foregoing statutory requirements governing service of process on a non-resident or absent defendant. The affidavit to obtain service by publication, which was executed by the husband's Kansas attorney, provides as follows:

"That he is the attorney for the above named plaintiff.

That the plaintiff is unable to procure per-

sonal service of summons on the defendant within this state.

That the defendant is a non-resident of this state and that plaintiff has exercised reasonable diligence to ascertain her whereabouts and cannot obtain serve [sic] of summons upon the defendant within this state or any other state.

That this action is one of those mentioned in KSA 60-307 (a) (1)."

It is readily apparent that the affidavit fails to set out the address of the defendant-wife as specifically required by Section (d) (1) and (5) of the statute and yet it is almost inconceivable that her address was unknown to the husband since he conceded at the hearing below that he and the wife lived in the same house at the time the affidavit was executed on October 10, 1969. When asked why he permitted his attorney to assert on October 10, 1969, "that you didn't know where your wife was on that date and you were at home", the husband replied: "I could have been at home and not know where my wife was." The wife on the other hand testified that on October 10, 1969, the parties were living together in the same house and "I have not resided any place else since I have been here."

Had the husband set out the wife's address, he would have been obligated to comply with subsection (f) of the Kansas statute which requires that "the party seeking to secure service by publication, shall within seven (7) days after the first publication, mail a copy of the publication notice to each defendant whose address is stated in the affidavit for service by publication." There was no affirmative showing that the notice was mailed and the wife, when asked if she had received any communication from her husband about the divorce, stated: "I received nothing from him concerning the divorce."

It has been stated that "compliance with the statutes on service of process is essential in order to give the court jurisdiction to grant a divorce, unless there is a

waiver of service. More obviously, there must be a strict compliance with the statutes and rules on constructive service; compliance is jurisdictional, and if any essential statutory step is omitted, the decree rendered on such service is void. * * * Where a statute requires not only a publication but also that a copy of the petition be mailed by registered mail to the defendant at his or her last known address, the mailing is as much a part of the service as the publication, and where there is a publication but there is no mailing, or the plaintiff causes a notice to be mailed to a false address, the service is void. The mere fact that the defendant has actual notice of the institution of the proceedings against him is not sufficient to give the court jurisdiction where the plaintiff has not complied substantially with the statutes on constructive service." 24 Am.Jur.2d, Divorce and Separation, § 286, at 437-438.

Thus, it is apparent that if the husband-appellee failed to comply with the procedural requirements of Kansas governing service of process on the wife, the Kansas Court did not acquire jurisdiction over the wife and its decree, because of this lack of jurisdiction, would not be entitled to full faith and credit in this State. That the wife had actual knowledge of the pendency of the suit would not cure a defective service, *Sheehy v. Sheehy*, 250 Md. 181, 185, or give the Kansas Court jurisdiction which it might otherwise have acquired had the wife participated in any way in the Kansas proceeding. *Sutton v. Leib*, 342 U. S. 402; *Upham v. Upham*, 238 Md. 261.

We think a fair appraisal of the record as it now stands indicates a need for further evidentiary inquiry into the factual background of the husband's role in furnishing to his Kansas attorney the information, or lack of information, set forth in the attorney's affidavit. As was said in *In Re Roedell's Estate*, 112 N.W.2d 842 (Sup. Ct. Iowa, 1962) : "In furnishing an affidavit upon which a court must rely for jurisdiction, a litigant may not wash from his ears what he has heard, blot from his memory what he has known and direct the service of process

down a blind alley. Subterfuge is not looked upon with favor."

The case will be remanded to the Chancellor below for further proceedings in order to ascertain whether the husband knew, but failed to set forth his wife's address in the affidavit to obtain service by publication as required by the Kansas statute and whether there was a failure to comply with the statute by mailing to the wife a copy of the notice of publication within seven (7) days after the first publication. An affirmative finding by the Chancellor that the husband had failed to so comply with the Kansas statute would demonstrate that the Kansas Court lacked the requisite jurisdiction to grant the divorce because the wife had not been accorded procedural due process and would, in our opinion, require our courts to refuse full faith and credit to the decree of divorce granted to the husband by the Kansas Court.

In view of our remand, we do not reach the issue of the husband's legal domicile.

*Case remanded for further proceedings in accordance with this opinion.*
*Appellee to pay the costs.*