VIRGINIA ELLIS ZELL *v.* JAMES ERNEST ZELL

[No. 412, September Term, 1970.]

*Decided August 4, 1971.*

The cause was argued before MURPHY, C. J., and MOR-TON and MOYLAN, JJ.

*Francis X. Gaegler, Jr.* for appellant.

*C. Jefferson Dotson* for appellee.

MORTON, J., delivered the opinion of the Court.

This is an appeal by the wife from a decree entered in the Circuit Court for Prince George's County granting the husband a divorce *a vinculo matrimonii* and awarding the custody of the two minor sons of the parties to the husband and the two minor daughters to the wife with a provision that the husband pay the wife $20 per week for each of the children awarded to her custody.

The husband's suit for an absolute divorce on the ground of voluntary separation (Md. Code, Art. 16, § 24) and the wife's petition to increase support for the children were consolidated. At the conclusion of the hearing, the Chancellor permitted the husband to amend his

bill of complaint to include the ground of adultery by the wife. In this appeal it is contended that the husband's motion to amend was the result of the Chancellor's suggestion and that, under the circumstances, the Chancellor erred in granting the motion to amend. We disagree.

Md. Rule 320 c. 1 provides:

> "In a case heard or tried before the court without a jury, any amendment may be made at any time before a final judgment or decree is entered."

Md. Rule 320 d. 1 (b) provides:

> "An amendment shall not be made without leave of court but leave to amend shall be freely granted in order to promote justice. Such leave to amend shall be in writing, unless given in open court, in which event it may be oral."

Aside from the Rule, it is well established in this State that amendments should be freely allowed to serve the ends of justice and may properly be suggested by the court in the interest of justice. The allowance or disallowance of the amendment is within the sound discretion of the trial judge and no appeal will lie from the allowance or disallowance unless it is demonstrated that there has been an abuse of discretion. See *Baer v. Baer*, 252 Md. 586, and cases cited therein.

We find no abuse of the Chancellor's discretion on the record before us. The issue of the wife's adultery, as well as the husband's, arose during the course of the hearing and there was evidence from which the Chancellor could find that the wife had committed adultery. We see nothing improper in the fact that the motion to amend may have been made pursuant to a suggestion of the Chancellor. It is true that the amendment was permitted after all the evidence was in but the wife did not claim surprise or seek a continuance. In fact, she was aware of

the charge of adultery and vigorously contested it throughout the entire hearing.

It is next contended that since there was proof of the husband's adultery the doctrine of recrimination prevented the Chancellor from awarding him a divorce *a vinculo matrimonii* on the ground of the wife's adultery. It appears that in 1968 the husband obtained a decree of divorce from the wife in the State of Georgia. Prior to his departure for Georgia, the husband had the wife execute "a waiver of appearance in the State of Georgia", although the wife asserts that she had no knowledge of its significance. After obtaining his Georgia decree, the husband married another woman in the State of Virginia and since then they have continued to live together in Maryland as husband and wife. The husband at the hearing below readily acknowledged that he was not a resident of Georgia at the time of obtaining the divorce decree and that other than a visit to a lawyer's office for a few hours where he signed a petition for divorce, he had never participated in any court proceedings in that State. The Chancellor below found, and we cannot disagree, that the Georgia divorce decree was "null and void." See *Pelle v. Pelle,* 229 Md. 160; *Sanders v. Sanders,* 12 Md. App. 441.

It is entirely possible, as argued by appellant, that the Chancellor did base his decree upon the wife's adultery and if there were no other evidence in the case than the wife's adultery as a ground for divorce, we would be compelled to set aside the decree under the doctrine of recrimination because of the proof of the husband's adultery, technical or otherwise. See *Nelson, Divorce and Annulments* (2d ed.) Sec. 5.02. The doctrine of recrimination is still alive in this State and under it either spouse is precluded from obtaining a divorce from the other where each is guilty of a culpatory marital offense which would entitle the other to a divorce *a vinculo matrimonii.* See *Matakieff v. Matakieff,* 246 Md. 23, 35; *Courson v. Courson,* 208 Md. 171.

While it is true that the doctrine still has vitality, it

is equally true "that recrimination is not available as a defense to a suit based upon our statute permitting divorce founded on voluntary separation by the parties", *Matysek v. Matysek,* 212 Md. 44, 54, *Hughes v. Hughes,* 216 Md. 374, this ground being considered by some authorities as non-culpable. See Meyerberg, *The Practical Aspects of Divorce Practice,* 46; Case Note 2 *Md. Law Rev.,* 357, 361.

In the case at bar, the husband alleged in his bill of complaint that "[t]he parties hereto separated voluntarily on or about September, 1967, and have lived separate and apart from each other by mutual consent and agreement since that time; that said separation has been continuous and uninterrupted and without cohabitation to the present time; and that there is no hope or expectation of a reconciliation of the parties hereto." There was ample evidence to support the Chancellor's explicit finding that the parties had voluntarily separated as alleged in the bill of complaint and no useful purpose would be served by here repeating the evidence which we find supports the Chancellor's conclusion.

As indicated before, it has been vigorously argued that the Chancellor did not base his decree upon a finding of voluntary separation of the parties but, rather, upon the ground of the wife's adultery. We cannot say, with certainty, which ground he had in mind in signing the decree. The decree itself is silent in this respect. Since, however, the Chancellor made a specific finding that the parties had voluntarily separated and since the doctrine of recrimination is not available as a defense to a divorce on that ground, we find no error in the issuance of the decree of divorce to the husband.

Nor do we find any error in the award of the sons to the husband and the daughters to the wife. At the time of the hearing below, the oldest son, age 14, had been living with his father for approximately two years and expressed to the Chancellor a desire to continue to live with his father. The other son, age 8, who had been living with the father for about two months, also expressed

a desire to continue to live with the father. On the other hand, the 13 year old daughter asserted a desire to live with her mother and the 12 year old daughter expressed no preference. We think that under the facts and circumstances with which the Chancellor was here confronted and aware, as the Chancellor indicated, that he had continuing supervision over the custody arrangement, no error was committed. See *Mullinix v. Mullinix,* 12 Md. App. 402; *Widdoes v. Widdoes,* 12 Md. App. 225; *Sullivan v. Auslaender,* 12 Md. App. 1.

*Decree affirmed; appellee to pay the costs.*