ROBERT D. RHOAD *v.* BETTY C. RHOAD

[No. 760, September Term, 1973.]

*Decided April 25, 1974.*

The cause was argued before ORTH, C. J., and MOORE, J., and HOWARD S. CHASANOW, Associate Judge of the District Court of Maryland for District 8, specially assigned.

*Henry J. Noyes* for appellant.

No appearance or brief for appellee.

ORTH, C. J., delivered the opinion of the Court.

I

By a decree issued on 15 October 1973 by the Circuit Court for Montgomery County, sitting in equity, ROBERT D. RHOAD (Husband) was divorced *a vinculo matrimonii* from BETTY C. RHOAD (Wife).[1] In the decree Wife was determined to be the owner of certain personal property, Courts and Judicial Proceedings Article (Courts Art.) § 3-603, Husband was ordered to pay the costs of the proceeding, and the right of Wife to claim alimony was reserved by the court. Husband entered an appeal "from that portion of the Decree of October 15, 1973, only, reserving alimony" to Wife. Wife did not appeal or cross-appeal, submitted no brief, and presented no oral argument. See Maryland Rule 1030 e. Thus, the sole point before us is the retention by the court of the matter of alimony. Husband presents one question concerning it:

> "May the court reserve alimony to a wife who has been found at fault in a nonculpatory divorce action filed by the husband? "

---

1. The Bill of Complaint filed by Husband alleged that (1) he and Wife were adult citizens of the United States and had been residents of Maryland for more than one year last past; (2) he and Wife were lawfully married on 21 March 1943 in Wyoming; (3) two female children were born of the marriage, one now 27 years of age and the other now 25 years of age; (4) "the parties have neither lived together nor cohabited for more than five (5) years prior to the filing of this Bill of Complaint, continuously and uninterruptedly, and there is thus no reasonable hope, possibility, or expectation of a reconciliation of the parties"; (5) Wife is gainfully employed and earning sufficient monies for her own support.

In her Answer Wife admitted the first four allegations, and that she was gainfully employed, but asserted that her earnings were not sufficient for her support, and that she was not physically or emotionally well. She prayed that she be awarded reasonable alimony for contribution to her support and maintenance, that the court made a determination of ownership of personal property, and, after the divorce was granted, that the court decree certain real estate be sold, the proceeds to be equally divided between her and Husband.

## II

In Maryland a divorce may be granted only under statutory authority. *Stewart v. Stewart,* 105 Md. 297; *Schwab v. Schwab,* 93 Md. 382; *Wright v. Wright,* 2 Md. 429. By Code, Art. 16, § 24, there are two nonculpable grounds for an absolute divorce bottomed on the separation of husband and wife. Included among the seven causes which, upon hearing of any bill of complaint, the court may decree a divorce *a vinculo matrimonii* are "fifthly, when the husband and wife shall have voluntarily lived separate and apart, without any cohabitation, for twelve consecutive months prior to the filing of the bill of complaint, and such separation is beyond any reasonable expectation of reconciliation", and "seventhly, on the application of either party when the husband and wife have lived separate and apart without any cohabitation and without interruption for three years."[2] For convenience of designation, the fifth cause is referred to herein as the "voluntary separation ground", and the seventh cause as the "statutory separation ground."

The two causes for a divorce *a vinculo matrimonii* predicated upon separation have much in common. Aside from the length of time designated for a separation to mature into a cause for the divorce, the essential difference between them is that with respect to the voluntary separation ground the separation must be mutually

---

2. The first recognition in Maryland of voluntary separation as a ground for an absolute divorce was by Acts 1937, ch. 396, which amended § 38, Art. 16 of the 1924 Code. The amendment required that the parties voluntarily live separate and apart for 5 years without reasonable expectation of reconciliation. See § 40, Art. 16, Code of 1939. The statutory period was reduced to 3 years by Acts 1947, ch. 240, to 18 months by Acts 1961, ch. 104, and to 12 months by Acts 1973, ch. 699, effective 1 July 1973.

The seventh ground was added as a cause for an absolute divorce by Acts 1969, ch. 656, with a statutory period of 5 years. The period was reduced to 3 years by Acts 1973, ch. 699, effective 1 July 1973. As enacted in 1969, there were provisions for the division and distribution of all the property of the parties, real, personal and mixed, over which the court had jurisdiction. We declared these provisions unconstitutional in *Buckheit v. Buckheit,* 10 Md. App. 526, 528-529, *cert. den.,* 261 Md. 723, because the title of the act was defective in this regard, and the provisions were deleted when the statute was amended in 1973.

voluntary. *Smith v. Smith,* 257 Md. 263; *Beck v. Beck,* 180 Md. 321; *Curney v. Carney,* 16 Md. App. 243. With respect to the statutory separation ground, the voluntariness of the separation plays no part. *Renner v. Renner,* 16 Md. App. 143. Voluntary separation is founded upon a ground which is consensual and not culpatory, manifesting an intention to permit the marriage relationship to be terminated in law, as well as in fact, without regard to fault. *Matysek v. Matysek,* 212 Md. 44. But the doctrine of res judicata may establish that the separation was not mutually voluntary. So in a suit brought by a wife for permanent alimony in which a decree for alimony had been entered, and the husband filed a petition for a divorce *a vinculo matrimonii* on the ground of voluntary separation, the Court of Appeals, considering that the adjudication in the prior decree which had been contested and appealed within 3 years without any showing of a voluntary separation was an adjudication that the separation was not voluntary, held that a demurrer to the petition was properly sustained. *Ashman v. Ashman,* 201 Md. 445. Res judicata, however, is not applicable to the statutory separation ground. The statute expressly so provides: "A plea of res adjudicata or of recrimination with respect to any other provisions of this section shall not be a bar to either party obtaining a divorce on this seventh ground."

We point out that by the terms of the statute, a plea of recrimination is also not a bar to either party obtaining a divorce on the ground of statutory separation. *Flanagan v. Flanagan,* 14 Md. App. 648. This is generally in accord with the case law with respect to the voluntary separation ground. Recrimination is not a defense to an action for divorce for voluntary separation which has endured for the statutory period. *Hughes v. Hughes,* 216 Md. 374; *Matysek v. Matysek, supra; Zell v. Zell,* 12 Md. App. 563. The Legislature, however, by including voluntary separation as a cause for an absolute divorce, did nothing more than create an independent cause of action, without disturbing or modifying in any way the other grounds. Thus, a party to a voluntary separation may file a bill of complaint for a

divorce on another ground before the separation has ripened into a ground of divorce of any kind. "[T]he Legislature surely did not intend that an innocent spouse living apart by mutual consent must sit idly by and endure the shame of the other's adulterous conduct until such time as a nonculpatory ground for divorce matures." *Holofcener v. Holofcener*, 242 Md. 727, 729. A plea of recrimination is not a bar to either party obtaining a divorce on the ground of statutory separation whether the separation had endured for the statutory period or not. But this does not mean that when the separation is not consensual, a spouse may not file a bill of complaint before the statutory period has matured for a divorce *a vinculo matrimonii* on one of the other grounds for which such divorce is authorized. The Legislative purpose implemented by the creation of the seventh ground for divorce was to preclude a spouse from perpetually preventing the other spouse from obtaining a decree of divorce *a vinculo matrimonii. Flanagan v. Flanagan*, 14 Md. App. at 654. The statutory separation ground requires only that (1) the parties shall have lived separate and apart for the designated period preceding the filing of the action, (2) there has been no cohabitation between them during the period of separation, and (3) the separation was without interruption. *Jackson v. Jackson*, 13 Md. App. 725, 729. Fault is of no consequence. The reasons for the separation are not material; the spouse who brought about the destruction of the home may apply for and obtain the divorce. That the spouse seeking the divorce was guilty of a culpable marital offense which would entitle the other to a divorce *a vinculo matrimonii* is, by the express terms of the statute, no bar. The conduct of either spouse before the separation, during the required period of separation, and after the period has run but before the divorce is decreed, is of no matter insofar as obtaining the divorce is concerned.

Offers of reconciliation play no part with regard to either a divorce sought on the ground of voluntary separation or statutory separation. Code, Art. 16, § 26A, provides that in all actions for divorce, an offer of reconciliation cannot "in and of itself" be a defense to a divorce, nor can a refusal of

such an offer "in and of itself" be a defense to, or a ground for, a divorce.[3]

### III

Courts Art. § 3-603 (a) empowers a court of equity to "hear and determine a case of alimony in as full and ample manner as such case could be heard and determined by the Ecclesiastical Courts of England." *Gold v. Gold,* 191 Md. 533. Code, Art. 16, § 3 flatly provides: "In cases where a divorce is decreed, alimony may be awarded." Section 5 (a) of the Article prohibits an award of alimony in all cases where it is claimed "unless it shall appear from the evidence that the wife's income is insufficient to care for her needs."

As we have indicated, the statutory separation ground on which Husband relied precluded the use of culpability and recrimination as a defense to his bill. The question is whether fault is precluded on the question of alimony as it is on the question of the grant of divorce. The precise question was presented to and squarely decided by this Court in *Renner v. Renner, supra,* for which the way was paved by *Flanagan v. Flanagan,* 14 Md. App. 648. We said in *Renner* that fault of the wife should be considered in the determination of alimony in cases under the statutory separation ground. 16 Md. App. at 159-160. The Court of Appeals denied certiorari in *Renner,* 267 Md. 744. We then decided *Flanagan v. Flanagan,* 17 Md. App. 90, and reaffirmed our position. We found it settled that "The issue of fault *is material* in the

---

3. As originally enacted by Acts 1965, ch. 147, the statute dealt only with an offer of reconciliation. See *Jester v. Jester,* 246 Md. 162. As rewritten by Acts 1968, ch. 636, the refusal of such an offer was included. It now reads:

"In all actions for divorce an offer of reconciliation or an attempt to reconcile by one spouse without the concurrence of the other spouse shall not be available as a defense to a divorce nor in and of itself be a bar to a divorce; nor shall the refusal of a spouse to accept an offer of reconciliation made by the other spouse or the rejection by a spouse of any attempt at reconciliation made by the other spouse be available as a defense to a divorce nor in and of itself be a bar to or a ground for a divorce."

For a discussion of the statute with respect to voluntary separation see note, *Offers of Reconciliation in Maryland Divorce Law,* 30 Md. L. Rev. 49 (1970).

determination of whether alimony is to be awarded, and the amount of such award, even where a divorce is obtained on nonculpable grounds." This time the Court of Appeals granted certiorari, 268 Md. 748, limiting the grant to the question we decided in *Renner* and affirmed and applied in the second *Flanagan* case. The Court of Appeals supported our view, putting the issue to rest in this State. *Flanagan v. Flanagan*, 270 Md. 335. In so doing the Court observed that its cases throughout the years saying that when a wife's fault precludes her from procuring a divorce, she was prevented from obtaining alimony — no right of divorce, no right to alimony — were not applicable in the face of the nonculpable grounds for divorce, but that its previous opinions establishing standards for fixing alimony in actions based on culpable grounds were applicable, and lead logically to a determination that fault is one of the several factors to be considered in awarding alimony in a divorce granted on a nonculpable ground. 270 Md. at 339-340. The problem, the Court noted at 341, was the extent to which fault affects an award which accompanies a decree of divorce on no fault grounds. The standard whereby alimony is awarded *vel non,* and, when it is awarded, the factors taken into consideration in arriving at the amount, are judicial. *Willoughby v. Willoughby,* 256 Md. 590, 592. The factors material to an award of alimony were set out in *Timanus v. Timanus,* 178 Md. 640, 642, and repeated with emphasis added in the Court of Appeals opinion in *Flanagan,* at 339:

> "It is a general rule that a court, before determining the award of alimony, should consider the maintenance of the wife in accordance with the husband's duty to support her suitably, together with the husband's wealth and earning capacity. In addition to the financial circumstances of the parties, the court should also usually consider their station in life, their age and physical condition, ability to work, the length of time they lived together, *the circumstances leading up to the separation, the fault which destroyed the home,*

> and their respective responsibilities for the care
> and support of the children."

The Court of Appeals in *Flanagan* concluded that what is an appropriate award of alimony is governed by the principles of equity. It involves the weighing of countervailing interests. "While the parties' economic circumstances are certainly of great importance [and given statutory recognition in Code, Art. 16, § 5 as we have indicated], any of their conduct which contributed to the destruction of the marriage is also relevant to a determination of what is just." 270 Md. at 341, citing *Willoughby v. Willoughby, supra,* at 593-594. The short of it is that "the greater degree of fault on the part of the wife demonstrated, the greater the need which she must show to entitle her to an award of alimony appropriate to the circumstances otherwise existing." 270 Md. at 342.[4] It follows, reasoned the Court, that in actions in which the sole fault causing the destruction of the home is "the more heinous" act of either adultery or abandonment on the part of the wife seeking alimony, the award of any alimony would be an abuse of judicial discretion "except in rare instances where there exist extremely extenuating circumstances . . . ." 270 Md. at 341.[5] It is where there is fault other than adultery or abandonment, or fault on the part of each spouse which led to the separation, that the degree of blame and relative guilt should be considered in conjuction with the other factors. *Id.,* at 341-342. In any event, the chancellor is entrusted with wide discretion with respect to alimony because the infinite variety of human conduct ofttimes makes the factual situation of any given case unique. *Id.,* at 341.

We have indicated that under the provisions of Code, Art. 16, § 26A, an offer of reconciliation or the refusal of such offer plays no part with regard to the obtaining of a divorce.

---

**4.** Previous opinions have repeatedly uttered the notion that alimony, being based upon need, is never a punitive measure. *Danziger v. Danziger,* 208 Md. 469. The reality of this platitude in the light of the consideration of fault is subject to some question.

**5.** The opinion does not suggest either what such "rare instances" may be or what would constitute "extremely extenuating circumstances."

The statute says nothing about determining alimony, and on its face, does not prevent the use of the offer or the refusal of it with regard to alimony. The point was discussed in the note, *Offers of Reconciliation in Maryland Divorce Law*, 30 Md. L. Rev. 49 (1970), at 59-60, in the factual posture of a husband deserting for a short time and then offering in good faith to be reconciled, only to be unjustifiably rejected by the wife. Since fault is an element in alimony, could the husband tender proof of the wife's refusal of his offer in order to deny her alimony on the basis of fault? The note pointed out: "Yet if such proof is allowed, the court is technically contradicting itself by giving a wife a divorce on the basis that the separation was the husband's fault while denying the wife the alimony on the basis that the separation was her fault." Although the technical contradiction does not arise when the divorce is granted on the ground of voluntary separation or the ground of statutory separation because fault is not an issue in those causes, the question remains whether an offer of reconciliation, made or refused, is to be considered in a determination of alimony. We believe that, despite the silence of the statute, its rationale in providing that offers of reconciliation are not to be a defense to or a ground for a divorce action, is equally applicable to alimony. We hold that offers of reconciliation are not to be considered with respect to an award of alimony as to an *a vinculo* divorce granted on the ground of voluntary or statutory separation.

Concomitant with the right of a court to award alimony is the right to reserve the award of it. In other words, if the court is authorized to award alimony at the time it decrees the parties are divorced, it may at that time reserve its right to award alimony to some time in the future, but, unless the decree of divorce *a vinculo matrimonii* awards alimony or reserves jurisdiction the court is without power to enter a subsequent award of alimony. *Dackman v. Dackman*, 252 Md. 331; *Flood v. Flood*, 16 Md. App. 280, and cases cited therein at 286.[6]

6. Another aspect of "fault and alimony" is when alimony has been awarded upon a divorce and the wife is thereafter guilty of questionable

## IV

In rendering his decision, the chancellor made factual findings that Husband and Wife were married in March 1943 in Wyoming, that two children born of the marriage were adults and self-supporting, that Wife left the marriage abode in May 1967 and never returned, that Husband made "innumerable unsuccessful attempts to have his wife return but she has consistently refused from the first time he asked which is some months after the initial separation", that they have not lived together as man and wife since 1 May 1967, and that there was no possibility of reconciliation. On the matter of alimony, he found that both Husband and Wife were employed, and that during the five years of separation Wife made no demand upon Husband for any assistance. There was evidence sufficient in law to support these findings. The chancellor observed that under the second *Flanagan* case decided by this Court, "the issue of fault with respect to the dissolution of the marriage is relevant on the matter of the entitlement of a wife to alimony", but that it was not relevant on the issue of nonculpable divorce. "Consequently", he said, "in this action the Court's determination of any culpability is only to be considered in respect to any award of alimony or failure to make such an award. The issue of fault is also only one of the elements which is to be taken into consideration in the award of alimony. There are others." The chancellor pointed out that there was "some confusion as to exactly why the marriage

conduct. Does she thereby forfeit her right to alimony? *Courson v. Courson,* 213 Md. 183, decided the question by a majority of the Court as to an *a mensa* divorce. "We hold the proper rule, supported by reason and authority, is that when a wife, who is living separate and apart from her husband due to his fault and who has obtained no more than a limited divorce from him, commits adultery, she forfeits her right to her husband's support and the future payments of alimony." 213 Md. at 188. As to an *a vinculo* divorce, the question was left open. But see dissenting opinion by Henderson, J., in which Hammond, J. concurred. We had the question presented with respect to an *a vinculo* divorce in *Atkinson v. Atkinson,* 13 Md. App. 65, but on the facts had no occasion to determine it. We noted, however, that although the effect of a wife's misconduct committed after the marriage has been totally dissolved is not settled in other jurisdictions, there was substantial authority that "flagrant misconduct" may serve to forfeit her right to alimony. See 13 Md. App. at 72 for cases defining "flagrant misconduct."

broke up and the particular date it did break up." He then said:

> "There is no confusion or no doubt that at some point thereafter, even though it might have been voluntary at the outset, it became involuntary when Mrs. Rhoad decided she didn't want to come back. Therefore, the fault lies with her insofar as the dissolution of this marriage is concerned."

Noting that Wife had maintained herself for five years, albeit with some difficulty and with the help of her father, the chancellor found it "a little difficult . . . to see how an award of alimony could be made in this case" and declined to award both alimony and counsel fees. After stating that the costs of the proceedings were to be charged to Husband, and disposing of the personal property, the chancellor added: "I think I will do one further thing in this matter. I think I will retain jurisdiction of this matter with respect to alimony." This decision was questioned by Husband's solicitor.[7] The chancellor made clear that he was going to reserve the matter of alimony — "I want this matter reviewed at a later time."

The factual findings of the chancellor were not clearly erroneous on the evidence before him. Maryland Rule 1086. On those findings, and in the light of our holding that an offer of reconciliation plays no part in the determination of an award of alimony, there was no blame attributable to Wife. In other words, the evidence was not legally sufficient to establish fault for the destruction of the home on the part of Wife. There was, within the contemplation of *Flanagan v. Flanagan,* 270 Md. 335, neither such fault as would make the award of any alimony an abuse of judicial discretion, nor such fault as would enable the chancellor to consider the relative guilt of the parties and assess the degree of blame. The only reason why the chancellor could not have awarded

---

7. We find from the transcript of the proceedings that the point was preserved for appeal. Husband's counsel made sufficiently clear his objection to the action of the court. Md. Rule 522 b.

alimony in the circumstances was under the dictate of Code, Art. 16, § 5, on a finding that the income of Wife at that time was sufficient to care for her needs. The evidence was sufficient in law for the chancellor to so conclude, and apparently the income of Wife played a substantial part, as it should, in the chancellor's decision. But a denial of alimony because Wife had sufficient income at the time would not vitiate the right of the court to review the matter at some future date upon a change in Wife's financial position. The short of it is that the court had full authority to retain jurisdiction of the right to alimony, and its decision to do so was proper.

*Decree affirmed; costs to be paid by appellant.*